No. 69.—Thomas Gilbert, plaintiff in error, *vs.* Wm. M. Hardwick, defendant in error.

[1.] A case is not discontinued, when permitted to lie over without any action therein, for a number of terms, by the Court.

[2.] At Common Law, the powers of an *administrator de bonis non,* extend only to the administration of the estate, so far as it was unadministered when he came into the trust. He cannot call the removed executor to account, nor can he collect the purchase money for property sold and administered by his predecessor.

[3.] A sale of property is *pro tanto* an administration, and the executor becomes chargeable, and may keep the purchase money in his personal character, or in his representative character, *as executor.* When the action is in the latter form, the descriptive allegations are matter of substance, and it cannot be converted into an action in his individual right, by striking them out as *descriptio personæ aliter,* when he describes himself *executor*, &c. &c.

*Certiorari,* in Stewart Superior Court. Decision by Judge Iverson, April Term, 1852.

Wm. M. Hardwick, as executor of Daniel Gilbert, brought suit against Thomas Gilbert, for the recovery of the purchase money for certain negro slaves sold by said Hardwick, as the executor of Darius Gilbert, deceased. In the declaration, he described himself as "Wm. M. Hardwick, executor of Darius Gilbert, deceased;" made profert of his letters testamentary, and prayed process to issue, to answer him in a suit, *as executor, &c.* The suit was returnable to the Inferior Court of Stewart County. At the April Term, 1844, of said Court, the plaintiff had an entry made upon the Bench docket, suggesting his removal from the executorship of said estate. The cause remained in this condition until July Term, 1851, of said Court; when, upon motion of defendant, it was ordered that parties be made, at the next term, or the case be dismissed. At January, 1852, no parties being made, nor any effort to make parties, the case was dismissed. To this order of dismissal, Hardwick sued out a writ of *certiorari.*

At the April Term of the Superior Court, the *certiorari* came on to be heard, when defendant moved to dismiss the writ, on the ground that Hardwick was not the proper party to sue out a writ, but the same should be sued out by the administrator *de bonis non* of Darius Gilbert.

The Court overruled the motion, and counsel for Gilbert excepted.

Upon hearing the return to the *certiorari*, the Court sustained the writ, and ordered the case re-instated; holding—

1st. That the right of action for the purchase money of the property sold, accrued to Hardwick individually, and did not pass to the administrator *de bonis non.*

2d. That the entry made on the docket, at Hardwick's instance, and his permitting the cause to remain stationary for fifteen successive terms of the Court, did not amount to an abandonment of the cause so as to work a discontinuance.

To which decision Gilbert excepted.

On these several exceptions, error has been assigned.

HARRISON and WORRILL, for plaintiff in error.

W. B. GAULDEN, for defendant.

*By the Court.*—NISBET J. delivering the opinion.

[1.] The lying over of this cause on the docket for so many terms after the suggestion of Hardwick's removal, without any action therein, did not amount to a discontinuance. Up to the time when the order was taken, to make the administrator *de bonis non,* with the will annexed, a party, there had been no motion to speed the cause. It was continued, therefore, from term to term, by the Court. If then, when the Court ordered it to be dismissed, upon the hearing of the rule to make *Rogers* the *administrator de bonis non,* a party, Hardwick, the removed executor, had been in a position on the record to proceed with the action, either in his personal character, or as executor, he would not have been hindered from so doing, by these frequent continuances made by the Court. They are to be considered as having been made by the Court, because the record does not show any motion in the cause, intervening the suggestion of Hardwick's removal and the order to make parties.

[2.] The *Inferior Court* could not have made the *administrator de bonis non* a party, because he had no right at Common Law to sue for the purchase-money of these negroes, for which the action was instituted. The sale was an administration by Hardwick, and the administrator *de bonis non* could neither call Hardwick to account nor collect in the purchase money.

[3.] The administration of this property charged Hardwick, and gave him the right to sue for the price, either in his individual character or *as* executor. The powers of the administrator *de bonis non,* by the Common Law, extend only to the administration of the estate, so far as it was unadministered when he came into the trust. Nor could he have been made a party under the Act of 1845, for the rights of the removed executor and also his obligations, and also the rights of the administrator *de bonis non* had been fixed before the passage of that Act. It was subsequent to the administration of this property by Hardwick,

and has no application to the case.   1 *Kelly* 80. 5 *Geo. R.* 58.
10 *Geo. R.* 266.   *Cobb's N. Dig.* 335.

No attempt was made, however, to make him a party, and he
not being made a party, in pursuance of the order, the *Inferior
Court* dismissed the action against the claim of counsel for plain-
tiff to proceed with the cause in the name and right of Hard-
wick, personally.   Was this done contrary to law, is the only
question to be considered ?   The claim set up by plaintiff's
counsel to proceed with the cause as stated, is founded on the
rule, that the property being administered, the right to the pur-
chase money was in him personally, and by striking out that
part of the declaration which describes him as executor, as
merely surplusage, the action would stand in his individual
name.   The rule as stated, is a true rule ; but other things are
to be considered.   First, I inquire how is this action brought ?
It is brought by Hardwick, in his representative character ; he
describes himself as executor ; makes profert of his letters testa-
mentary, and prays that the defendant appear and answer to his
plaint *as executor*.   It could not proceed as an action in his rep-
resentative character, because he had been removed upon his
own showing, from the executorship.   His removal being sug-
gested on the record, the Court affirmed the fact of his
removal, by the order which directed that the cause be dismiss-
ed, unless the administrator *de bonis non* be made a party at
the succeeding term.   That order had the effect of a judgment
affirmatory of the suggestion of removal.   Nor could the cause
be retained as a suit in his personal character, being made such
by striking out or disregarding so much of the declaration, as
exhibits him in a representative character, as merely *descriptio
personæ*.   The rule as to *descriptio personæ*, in these cases, is
this : if the plaintiff describes himself *executor*, *&c. &c.*, it is an
action in his personal character—the descriptive part being re-
garded as immaterial.   But if the plaintiff describes himself, as he
has done in this case, *as* executor &c., then it is an action in his
representative character, and the descriptive part is of substance,
and cannot be regarded as immaterial.   Whether this distinction
be with or without reason, it is the rule of the Common Law,

and was the rule of the Common Law when we adopted it, and it is therefore, obligatory upon this Court. The order of the *Inferior Court*, dismissing the suit, was right ; the little word *as*, is in such cases, quite potent. (1 *Chitty's Pleadings*, 205 *margin*. 5 *East*, 150.)

Let the judgment be reversed.