## COMMONWEALTH *vs.* CHARLES H. FOSTER.

Suffolk. Jan. 17. — March 3, 1877. MORTON & ENDICOTT, JJ., absent.

A defendant, who has been found guilty generally upon an indictment containing several counts for distinct offences, and has been sentenced upon some of the counts to imprisonment, and has been imprisoned under such sentence, cannot be brought up at a subsequent term to which the case has not been continued, and be sentenced anew upon another count in the same indictment, even if the first sentence was erroneous.

· GRAY, C. J. At February term 1873 of the Superior Court in Suffolk, the defendant was indicted in four counts, appearing upon the face of the indictment to be for distinct offences, and each of which charged him with uttering and publishing as true a false, forged and counterfeit promissory note. The notes described in the first, second and fourth counts were payable to the order of the respective makers, and were not alleged to be indorsed by them. The note described in the third count was payable to the order of the defendant, and no objection is made to the sufficiency of that count. The defendant pleaded not guilty, and the jury returned a general verdict of guilty. Exceptions alleged by the defendant to the rulings at the trial, not affecting the validity of the indictment, were overruled by this˙ court in November, 1873. *Commonwealth* v. *Foster*, 114 **Mass. 311.**

At December term 1873 of the Superior Court, to which the indictment had been continued, the defendant was sentenced upon the first count to imprisonment in the state prison for five years, and upon the second count to a like imprisonment for five years, to take effect after the expiration of his sentence upon the first count, and to stand committed until removed in pursuance of his sentence.

Upon that judgment and sentence the defendant, in June, 1876, sued out a writ of error, returnable at September term 1876 of this court. The attorney general pleaded *in nullo est jrratum*, but now admits that that judgment is erroneous and must be reversed. See *Commonwealth* v. *Dallinger*, 118 Mass. 439.

At December term 1876 of the Superior Court, the indictment was brought forward by order of the court upon motion of the district attorney, and was continued to January term 1877, when the defendant was brought by writ of habeas corpus from the state prison, and, being set at the bar to receive sentence upon the third count, moved in arrest of judgment that, it appearing by the record that judgment had been entered up on this indictment at December term 1873, and the defendant had been thereby sentenced to imprisonment in the state prison, and was now serving out such sentence therein, and the judgment had not been reversed, although a writ of error to reverse it was pending, the court could not enter up any new judgment on the same indictment. The court overruled this motion, and passed sentence on the defendant, upon the third count, of imprisonment in the state prison for six years and nine months, to take effect after the expiration of the sentence passed upon the first and second counts. To this ruling and sentence the defendant alleged exceptions.

The records of the Superior Court show no other order relating to this case. But the usual general order was made at the end of December term 1873, and of each succeeding term down to December term 1876, " that all matters and things not acted upon stand continued, judgment is entered up and the court is adjourned without day."

By our law, several offences of the same general nature, and punishable in the same manner, may be joined in one indict-

ment; and, in case of a general verdict of guilty upon all the counts, the sentence may be either entire upon the whole indictment, or distinct upon each count, and to take effect upon the expiration of a previous sentence, and a defect in one count does not invalidate the sentence upon the others. *Josslyn* v. *Commonwealth*, 6 Met. 236. *Kite* v. *Commonwealth*, 11 Met. 581. *Commonwealth* v. *Costello*, 120 Mass. 358. *Commonwealth* v. *Brown*, 121 Mass. 69.

This case presents the question, whether a defendant, who has been found guilty generally upon an indictment containing several counts for distinct offences, and has been sentenced on some of the counts to imprisonment, and has been imprisoned under such sentence, can at a subsequent term be brought up and sentenced anew upon another count in the same indictment.

No precedent in support of this mode of proceeding in a criminal case has been produced. It was contended, in the learned argument for the Commonwealth, that there is no distinction in this respect between criminal and civil cases; and that in a civil action, if the declaration contains two counts for distinct causes, judgment may be rendered upon one, and a writ of error sued out upon such judgment, and the matter of the other count be afterwards tried and determined and judgment rendered upon it. Reference was made to two early English cases, which, upon examination, do not appear to us to establish any such general rule.

In the first of those cases, in the 36th year of Henry VI., on a writ of entry *sur disseisin* in the Common Bench, to recover certain land and rent, the issue as to the land was tried and found for the demandant, and, while the rent yet depended in plea, the demandant had judgment to recover the land and damages therefor, and prayed for a *fieri facias* returnable presently, and had it, and the sheriff returned *fieri feci*. "Littleton prayed that the moneys might be delivered to the defendant; and that he might have a *supersedeas* to the sheriff until the plea be determined, for before that the plea be wholly determined he cannot have a writ of error, because it is one original." Prisot, C. J., said: "In debt against two by divers *præcipes*, if there be error in a judgment against the one, he shall have a writ of error, and yet the original is here; for in those originals in

which there are divers counts and there is error against the one,
he shall have a writ of error and the record of his count, and
the plea shall be severed from the original and removed into the
King's Bench, and yet the original remains here. But where
there is one original and one count, he cannot have a writ of
error; for the writ and the record cannot be in the King's Bench
and also here. But bring us a special writ of error, if you will,
and we will advise, when we see the writ, whether it shall be
allowed or no." Fitz. Ab. Fieri Facias, pl. 3.

Of that case it is to be observed, 1st. The opinion of the
court, upon the question whether the tenant should seek relief,
from the judgment and execution for the land and damages, by
a *supersedeas* of proceedings until the matter of the rent should
be determined, or by suing out a writ of error immediately, was
reserved until a special writ of error should be presented. 2d.
The dictum as to " debt against two by divers præcipes " had
in view the case of several præcipes against different persons
for different claims, which, though apparently permitted by the
practice of that time to be joined in one original writ, were
really equivalent to two originals, and were so regarded; Reg.
Brev. 139 *a ;* Vin. Ab. Præcipe quod reddat, F. pl. 6, 7 ; Com.
Dig. Pleader, 3 B. 7 ; as in the case in which our practice act
allows parties having different liabilities upon one written con-
tract to be joined in one action, with several counts and several
judgments. Gen. Sts. c. 129, § 4. *Hawkes* v. *Phillips,* 7 Gray,
284. *Wamesit Bank* v. *Buttrick,* 11 Gray, 387. *Colt* v. *Learned,*
118 Mass. 380. 3d. In the same court, two years earlier, on a
*quare impedit* against the bishop, the pretended patron and his
clerk, on which, before the plea of the bishop was determined,
judgment was given against the others, and they undertook to
sue out a writ of error, the opinion of the court is thus reported :
" Prisot *et tota curia.* It cannot be; for a writ of error recites
all those names which are party to the original writ, and then it
says, *et si judicium inde redditum fuerit, tunc recordum illud
habeatis :* wherefore that proves that it cannot be removed be-
fore that the whole matter be determined." 34 Hen. VI. 11,
38, 41 ; *S. C.* Fitz. Ab. Error, pl. 35.

The other case relied on by the Commonwealth was decided
in the 17th year of James I., and was a *quo warranto* brought

against Cusack and other aldermen of Dublin, pretending to be a corporation, and to have certain special privileges. The Court of King's Bench in Ireland, as to the special privileges, gave judgment of seizure, ouster and fine; and, as to the question of corporation, *curia advisare vult.* The defendants brought the case on writ of error to the King's Bench in England. *Case of the Corporation of Dublin*, Palmer, 1. At the first argument, Montagu, C. J., said: " They ought not to have given judgment for any part until they were advised of the whole, for a judgment ought not to be given by parcels; " and Doderidge, J., " as to that, held that, inasmuch as a complete judgment for this cause is not yet given, therefore the record is not removed, for the writ of error is *si judicium redditum est,* which must be intended a complete judgment." *S. C. nom. Le Roy* v. *Cusacke,* 2 Rol. R. 113, 116. But the court afterwards decided that the writ of error was well brought, and, being of opinion that there was no error, affirmed the judgment. Palmer, 5, 9; 2 Rol. R. 125.

These reports contain some *obiter dicta* that the court below might afterwards render judgment upon the matter not disposed of; but the only point adjudged, as best stated in another report of the case, in Chief Justice Treby's notes to Dyer's Reports, (which, as observed by Buller, J., in *Milward* v. *Thatcher,* 2 T. R. 81, 84, are good authority,) was " that the writ of error was well brought, for the judgment is *quod capiatur pro fine,* by which they shall be imprisoned; and if they shall not have a writ of error, they will be without remedy." *The King* v. *Fraternity of Dublin,* Dyer, 291 *b*, note. There can be no doubt that any judgment, on which a person is liable to be and is in fact imprisoned, is such a final judgment as to entitle him to sue out a writ of error. *Bryan* v. *Bates,* 12 Allen, 201, 207.

Lord Coke treated the case of a judgment under which a person suffers immediate loss or injury, as well as that of a judgment upon one of two several præcipes, as exceptions, depending upon the peculiar circumstances, to the general rule that a writ of error will not lie until the whole case is determined. *Metcalfe's case,* 11 Rep. 38 *a*, 39 *a*, 41 *a*; *S. C. nom. Wood* v. *Medcalfe,* 1 Rol. R. 84, 85; *Metcalf* v. *Wood,* Cro. Jac. 356, 357.

We have not been able to find any English case within the last two centuries, in which a writ of error has been maintained in a civil action before all the counts were disposed of. On the contrary, it seems to be now established, that a writ of error cannot be brought by the defendant, before judgment upon all the counts; nor by the plaintiff, until all the pleas have been disposed of, even if there has been judgment for the defendant upon a plea which goes to the whole cause of action. *Samuel* v. *Judin*, 6 East, 333. *Beckham* v. *Knight*, 7 Scott, 346; *S. C.* 7 Dowl. 409. *Tolson* v. *Kaye*, 6 Man. & Gr. 536; *S. C.* 7 Scott N. R. 222.

In this Commonwealth, if a declaration contains several counts for distinct causes of action, and the jury return a verdict upon one and disagree as to the others, final judgment is not rendered, nor can the rulings upon the first count be revised by appeal or bill of exceptions, until the other counts have been disposed of. *Hall* v. *Briggs*, 18 Pick. 503. *Case* v. *Ladd*, 2 Allen, 130. *Harding* v. *Pratt*, 119 Mass. 188. To the same effect are *Peet* v. *McGraw*, 21 Wend. 667, and *United States* v. *Girault*, 11 How. 22, 32.

Under a statute allowing the government to sue out a writ of error " to review any judgment rendered in favor of any defendant upon any indictment," except in case of his acquittal by the jury, it was held by the Court of Appeals of the State of New York, that a writ of error could not be brought on a judgment in favor of the defendant upon a demurrer to one count, while an issue of fact upon another count was still pending. *People* v. *Merrill*, 4 Kernan, 74.

By the law of England and of this Commonwealth, when a verdict of guilty has been returned upon one count of an indictment, the defendant may be lawfully sentenced thereon, although no verdict has been returned upon another count. *Latham* v. *The Queen*, 5 B. & S. 635; *S. C.* 9 Cox C. C. 516. *Edgerton* v. *Commonwealth*, 5 Allen, 514. In *Latham* v. *The Queen*, it was indeed said that the counts were to all intents and purposes separate indictments, and the defendant might afterwards be tried on the second count; but this point was not before the court. On the other hand, in *Edgerton* v. *Commonwealth*, this court was of opinion that there could be only one judgment upon the in-

dictment, and that consequently a judgment and sentence upon one count definitively and conclusively disposed of the whole indictment, and operated as an acquittal upon, or discontinuance of, the other count. And the same view has been affirmed by decisions in other states. *Guenther* v. *People*, 24 N. Y. 100. *Girts* v. *Commonwealth*, 22 Penn. St. 351. *Weinzorpflin* v. *State*, 7 Blackf. 186. *Stoltz* v. *People*, 4 Scam. 168. *State* v. *Hill*, 30 Wis. 416. *Kirk* v. *Commonwealth*, 9 Leigh, 627. *Nabors* v. *State*, 6 Ala. 200. *Morris* v. *State*, 8 Sm. & Marsh. 762.

We have no doubt that this is the true view, and that the same principle applies to a case in which a verdict of guilty is returned upon all the counts, and sentence is passed upon some of them — especially where, as in the present case, all the counts are against the same person, and no special order is made at the term at which the judgment is rendered, continuing the case for further proceedings. The sentence upon the first two counts, though erroneous and liable to be reversed by writ of error, yet, having been rendered by a court which had jurisdiction of the party and of the offence, on a verdict returned in due form, was not absolutely void. *Commonwealth* v. *Loud*, 3 Met. 328. *Kite* v. *Commonwealth*, 11 Met. 581, 585. *Ex parte Lange*, 18 Wall. 163, 174. The sentence might have been amended at the same term, and before any act had been done in execution thereof. *Commonwealth* v. *Weymouth*, 2 Allen, 144. But after the defendant had been imprisoned under it, and the term had been adjourned without day, the court could not amend it, or set it aside and impose a new sentence instead. *Rex* v. *Fletcher*, Russ. & Ry. 58. *Brown* v. *Rice*, 57 Maine, 55. *Commonwealth* v. *Mayloy*, 57 Penn. St. 291. *Ex parte Lange*, above cited. This is not like a case in which the indictment has been ordered by the court to be laid on file, without any judgment against the defendant, as in *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133.

The result is, that it was not in the power of the Superior Court, after having rendered one judgment and sentence against the defendant, upon which he had been since imprisoned, to order at a subsequent term that the case should be brought forward and another sentence imposed. *Exceptions sustained.*

*I. S. Morse*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.