EX-PARTE EPHRAIM WILLIAMS.

1. A court may suspend sentence on conviction of an offender because of mitigating circumstances, or the pendancy of another indictment, or other sufficient cause, but it does not follow from suspension that a sentence may not be pronounced afterwards.

2. A convict cannot be subjected to two sentences for the same offence, but an order to pay costs, with further suspension of sentence, will not of itself take away the power of the court to pronounce sentence at a subsequent term when a different judge is presiding.

3. The passing of a term of court at which a pending case is not docketed, nor called, is not a discontinuance of the case, if there is a general order of continuence of all cases not otherwise disposed of.

4. If the court still has jurisdiction of the case, and another than the trial judge afterwards presiding passes sentence, if there is error in such sentence it cannot be corrected by *habeas corpus*, but by writ of error.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*T. L. Clarke and R. C. Long*, for Petitioner.

This is a proceeding in *habeas corpus*, sued out by Ephraim Williams, alleging that he is unlawfully confined in the State's prison.

The record shows, that at the Fall term A. D. 1889, of the Circuit Court of Jefferson county, Florida, His Honor James F. McClellan, Judge presiding, the said E. Williams was indicted for larceny of a steer, the property of Samuel P. Chaires, and was put upon his trial, and convicted of the said offence. That a motion for a new trial was made and overruled, and the Judge then presiding passed sentence as follows:

"It is considered by the Court that you, Ephraim Williams, for your said offence, do pay the costs of these pro-

ceedings, as well as a fee of ten dollars to the State's Attorney; and that further sentence be postponed until the next term of this court; and the defendant in mercy," etc.

At the next succeeding term, to-wit: the Spring term, 1890, no further sentence was passed, the case was not called, nor placed upon the docket, nor is it mentioned in the minutes of the proceedings of that term; and the court adjourned for the term without taking any action in the case.

That at the Fall term, 1889, Williams complied with the sentence then passed upon him, and was released from custody, without bond or recognizance.

That he was present at the Spring term, 1890, and in court from day to day; that said term was adjourned and he went at large, and no bond or recognizance was taken of him, and no notice given him that his further attendance in said cause would be required.

That at the Fall term, 1890, of the Circuit Court of Jefferson county, His Honor David S. Walker, Judge presiding, and to-wit: on the 13th day of November, 1890, he, the said Williams, was present in the court-house, when said court was being held—but not in the custody of said court, or any of its officers, nor under any bond or recognizance to answer in any cause pending in said court— when the said Judge ordered the Sheriff of Jefferson county to take him the said Williams, into custody, and being led to the bar of the court, the said Judge inquired if he had anything to say why sentence should not be pronounced against him, for the offence of which he was convicted, as aforesaid, at the Fall term, 1890. He made the objections set forth at large in the motion, (see record) and moved the

Court to discharge him.   The Court overruled the motion, and passed sentence as follows:

"It is considered by the Court that you, Ephraim Williams, for your said offence, be confined in the State Penitentiary for the space of two years, at hard labor, and the defendant in mercy," etc.

Under this sentence he was delivered to the lessee of the State convicts, and he sues out a writ of *habeas corpus* to inquire into the legality of his imprisonment.

"No person shall be subject to be twice put in jeopardy for the same offence," and for the better reason, "No person shall be twice sentenced or twice punished for the same offence."

> *Ex parte* Lange, 18 Wall, 163.
> State vs. Peter Davis, 31 La. An., 249.

The sentence pronounced upon Williams, by Judge McClellan, at the Fall term, 1889, was that which could only be commanded as a part of the final judgment of the court, and having been complied with, and the defendant discharged, the power of the court over the defendant was exhausted, and His Honor Judge David S. Walker, was without jurisdiction to bring up the defendant at a subsequent trrm, to which the case had *not* been continued, and again sentence him for the same offence, even though the court may have had jurisdiction in the first instance, to impose the penalty contained in both instances.

> The State vs. George Addy, 43 N. J., 113.
> Commonwealth vs. Chas. Foster, 122 Mass., 317.
> Conclusion of Opinion on page 323.
> Commonwealth, vs. Malony & Keating, 57 Penn. 191.
> O. C. Brown vs. Warren W. Rice, 57 Maine, 55.

It cannot be said that the payment of the costs followed as an incident of the conviction. By the judgment of the court they were made the *penalty*.

The language of Judge McClellan was: "It is considered by the Court that you, Ephraim Williams, *for your said offence*, do pay," etc. So much, was the penalty "considered" and prescribed to be paid, "for your said offence." There was no suspension of sentence. No other penalty, either of fine or imprisonment, was ever pronounced. But the Court simply attempted to *reserve* some sort of jurisdiction to enter an additional sentence, if it saw fit, at next term of court, which jurisdiction, if reservable at all, became, as shown by authorities already cited, lost or forfeited by either of three incidents occurring afterwards, viz: Execution of the sentence pronounced; adjournment of the court for the term; or the discharge from custody, actual or constructive, of the defendant.

But Judge Walker had no jurisdiction of the person of the defendant at the Fall term, 1890. If it be contended that the attempted *postponement* of further sentence, (a thing different from the suspension of the execution of a sentence pronounced), till the Spring term, 1890, had the effect of continuing the cause to *that* term, certainly after the final adjournment of that Spring term, 1890, without any action whatever being taken in the case, the defendant went without day; and the formal general order continuing all matters not otherwise disposed of, did not carry over the case. There was no suggestion, either on the docket, or in the minutes of the proceedings of that "next" or Spring term, 1890, of said court, at cause, process, or hindrance pending against Ephraim Williams.

The Sheriff had no process against Williams. The Court had no authority to order the Sheriff to take him into cus-

tody, except for contempt. It is not pretended that he was arrested or sentenced for contempt.

A court which renders a judgment, cannot vacate it, or render a new judgment after the term at which it was pronounced is ended, or the judgment is executed, even part of punishment being borne.

> State vs. Grey, 37 N. J., 372.
>
> Joel vs. State, 28 Ga., 233.
>
> See, also, State vs. Addy, and *ex parte* Lange, (cited).

His Honor Judge Walker, not having presided at the trial of the cause, having heard none of the testimony produced, was without such judicial knowledge of the facts and circumstances surrounding the case, as might enable him to exercise that discretion in affixing a further penalty for the offence that right, reason and common justice demand.

> Chitty, Crim. Laws, vol. 1, 698.
>
> Bishop, Crim, Procedure, 1126.
>
> Pegalow vs. State, 20 Wisconsin, page 67.
>
> Concluding paragraph of opinion.

If this Court shall decide that the payment by Williams at Fall term, 1889, of the costs of proceedings then had, as well as a fee of ten dollars to State's Attorney, as *sentenced* by Judge McClellan, was a *penalty* for his offence, then such penalty was in the nature of a money *fine*, graduated no doubt, by the discretion of the judge who *did* hear the evidence, and had knowledge on which to exercise discretion.

If the court elected to fine, as a penalty in this case, even that court, at that time, could not have also imposed imprisonment. The law prescribes fine *or* imprisonment, not both.

> Chapter 3623 Laws of Florida.

*The Attorney-General contra.*

That two sentences cannot be rendered or entered upon the same verdict for the same offence is undoubtedly true. That is as far as authorities cited by petitioner's counsel go. In all the cases so cited the sentence or some sentence had been entered.

The question here is simply one of judgment or sentence suspended. It needs no argument to show in the connection in which it occurred that "postponed" means "suspension." Sentence "postponed" is sentence "suspended." The transposed language in the sentence making judgment as to costs, etc., come first was simply for the reason that sentence was to be "postponed." The State, had Williams been insolvent, would be liable for costs, and the Circuit Judge condemned him at once to pay what always follows judgment, viz: costs. Had petitioner been sentenced to prison at that time and to pay the costs, etc., the payment of the costs would by no means liberate him from prison. Why should their payment at any time after verdict have such effect?

The practice of suspending judgment or sentence in criminal cases is in vogue in this State. It is often used by the courts as a means of reformation and is a matter of public policy.

Judge Walker was competent to pass sentence suspended by his predecessor. See Pegalow vs. State, 20 Wisconsin p. 65. He could take the opinions of those who heard the former trial. The prisoner said nothing in his own behalf to mitigate the period of punishment and the jury made no recommendation to mercy.

Upon the question presented in this case we think Commonwealth vs. Dowdican's Bail, 115 Mass., 133, conclusive.

It will be seen therefore that the question of "costs" figures not at all.

No part of the sentence was ever imposed until Judge Walker imposed it in full at the Fall term, 1890.

The general continuance at the Spring Term, 1890, was sufficient.   115 Mass., *supra.*

The petitioner is lawfully detained.

MAXWELL, J.   The facts set forth in the petition of Williams are, that at the Fall term, 1889, of the Circuit Court for Jefferson county, he was tried for the larceny of a steer, and convicted; that at said term he was sentenced by Hon. J. F. McClellan, the Judge then presiding in said court, in these words: " It is considered by the Court that you, Ephraim Williams, for your said offence, do pay the costs of this proceeding, as well as a fee of ten dollars to the State's attorney, and that further sentenced be postponed until the next term of this court;" that upon complying with said sentence he was released from custody; that at the next term of said court (Spring term, 1890,) he was present, and remained in attendance the entire term, but the said cause against him was not on the docket and not called at said term, and the court adjourned without having passed further sentence ; and he claims that he was thereby discharged without day.   At the ensuing Fall term of said court, 1890, the Hon. David S. Walker, the Judge thereof, ordered the Sheriff to take him (Williams) into custody, and the Sheriff having done so, led him to the bar, whereupon the Judge asked him if he had anything further to say why sentence should not be passed upon him for the said offence of larceny of which he had been formerly convicted as aforesaid, to which he answered, by his attorneys, that the court was without jurisdiction to pass any sentence upon

him : 1st, because he was not in custody under any process of court; 2d, because there was no criminal charge pending against him in said court, and 3d, because of the facts hereinbefore stated upon which he claims that he was discharged without day. And his said attorneys moved on these grounds that he be discharged, but the court denied the motion, and sentenced him to two years at hard labor in the State's prison. He comes here asking a discharge from the custody of the lessee of convicts under said sentence, because he is in such custody without lawful authority.

E. B. Bailey, lessee of convicts, makes return to the writ, after reciting the conviction of Williams in 1889, and the action of the court thereon, as stated in the petition, that at the Spring term, 1890, of said court there was a general order of court that "all matters and things not otherwise disposed of be continued to the next term of court;" that at the November term, 1890, Williams was sentenced to two years' imprisonment, as stated in the petition, and that he was placed in custody of respondent by the Sheriff of Jefferson county by virtue of a commitment thereafter issued by the Clerk of said court, a copy of which is attached to the return.

That sentence may be suspended on conviction of an offender, because of mitigating circumstances, or the pendency of another indictment, or other sufficient cause, is not denied, and in practice is frequently done in this State, and in other States is held to be permissible. Commonwealth vs. Dowdican's Bail, 115 Mass., 133; State vs. Addy, 43 N. J. L., 113. And it does not follow necessarily from suspension that a sentence may not be pronounced afterwards. But in this case it is argued that the order, or sentence, of Judge McClellan at the Fall term, 1889, was not a simple suspension of sentence, but was itself a sentence, and that

the court had no power to adjudge a further penalty. If this view can be sustained it is on the ground that the law does not allow two sentences for the same offence. This is undoubtedly the law, and the only question here is, whether the sentence referred to is one which comes within its reason and meaning. It is an order merely for the payment of costs, the fee of the State's attorney being a part thereof, and then a postponement of further sentence. The purpose of the law is to prevent. punishment of a person twice for the same offence. All persons are as much entitled to this protection as they are to protection against being twice put in jeopardy for the same offence, and the right to both is in this country a sacred and fundamentatal one. Is the sentence a violation of this right? It will be found upon examination of the authorities cited to sustain the position of petitioner that in every case where the court overruled the action of the lower court there were two sentences, each imposing a penalty prescribed for the offence, and thus two distinct punishments; and that where the sentence was changed at the same term of court, as the law permits so long as execution of punishment has not commenced under the first sentence, the change was condemned because the punishment had been put in course of execution, or had been fully executed. See *ex-parte* Lange, 18 Wall., 163; Commonwealth vs. Foster, 122 Mass., 317; State vs. Addy, 43 N. J. L., 113; Brown vs. Rice, 57 Me., 55; State vs. Davis, 31 La. Ann., 249. But to have this effect we understand that the first sentence must inflict the whole or some part of the penalty prescribed for the offence. For instance, in the case of the State vs. Addy, *supra*, where the party was convicted of a nuisance in obstructing a culvert, and the penalty of the law was fine or imprisonment, and also condemnation to abate the nuisance, and the court sus-

pended sentence on payment of the costs and abatement of the nuisance, but afterwards sentenced the party to imprisonment in jail, it was held that as the abatement of the nuisance was a part of the penalty, the sentence to do that was such sentence in the case ; that the second sentence to imprisonment, though it might have been included in the first, was illegal. But on looking into the opinion of the court it will be seen that the matter of payment of costs had nothing to do with its decision ; and we find no case where a requirement to pay costs, with suspension of further sentence, is treated as a sentence in such sense as to forbid a subsequent sentence imposing the penalty prescribed by law for the offence. The case of the Commonwealth vs. Dowdican's Bail, 115 Mass., 133, in effect holds the contrary. What we call suspension of sentence is there called laying the indictment on file, and the court said that neither an order for that purpose, nor the payment of costs, entitled the defendant to be finally discharged. We think this a proper conclusion for the present case, and that a compliance with the order to pay costs did not entitle Williams to a discharge. The terms of the order, suspending further sentence till the next term, negatived the idea of a discharge, and his conduct in attending the court during its next term showed that, whether or not he was in actual or constructive custody, he was there understanding that he was still subject to the order of the court. Even if he was not in custody it made no difference, for if he failed to present himself the court retained power over the case to order him brought before it.

We mean only that the order for the payment of costs did not of itself take away the power of the court to pronounce sentence at a subsequent term when a different judge was presiding, but whether or not there was other-

wise error in pronouncing the sentence in this case, is a matter to be decided upon a writ of error.

A further contention in behalf of the petitioner is, that if the authority of the court, as to sentence, was not exhausted by the order to pay costs, it was lost after the next term of court (Spring of 1890) because the case was not docketed, was not called, and no action whatever taken in it—in other words, that this state of facts worked a discontinuance of the case. If the case was still undisposed of and pending, only awaiting further sentence, as we have held, the question is, whether the failure of the clerk to docket the case, and the non-action of the court in it at that term, other than in a general order of continuance, put an end to it, so that it was no longer alive and pending for further sentence. We think not, and it is so held in Commonwealth vs. Dowdican's Bail, *supra*, with this in the present case to strengthen that decision, that there no general or special order of continuance appeared, or seemed to be considered necessary. This is the rule in civil cases, and we see no reason why it should not also prevail in criminal cases. See Forrester vs. Forrester, 39 Ala., 320; Moreland vs. Pelham, 7 Ark., 338; Gilbert vs. Hardwick, 11 Ga., 599; Pierce et al. vs. Bank of Tennessee, 1 Swan, 265; Davidson vs. Middleton, 3 Rich., 349. Applying the rule here, there was no discontinuance of the case, but it passed over on failure of the court to take action, and was in contemplation of law a still pending case, awaiting sentence. The jurisdiction of the court, therefore, still subsisted.

As to the authority of a judge who did not preside in the trial, but was afterwards judge of the court in which the case was still pending, we are of opinion that there is no law which prevents him from passing such sentence as the nature of the case demands. If because he did not hear

the case on trial he cannot pronounce sentence, it would be a case in which there can be no infliction of penalty, notwithstanding the conviction. It would seem that such a result is of itself sufficient to show the fallacy of the position that another judge, who presides in the court after the trial, cannot pass a sentence appropriate to the offence. While he may not be as well informed of the circumstances of the case as the trial judge, there will be sources of information open to him. The only authority we have seen on the subject is that of Pegalow vs. State, 20 Wis., 65, where it is held that a judge of the Circuit Court may pronounce sentence upon a prisoner convicted before his predecessor in office. The apparent reservation of the court, based on the fact of a want of discretion in that case as to penalty, seems to us of no force to affect the main point of the decision, and as having been inserted from abundance of caution, and not as a decision that where discretion existed the sentence would not be pronounced by the successor in office. But counsel for the petitioner cite 1 Chitty's Criminal Law, 696, as showing that the law is not. as laid down by the Wisconsin court. Chitty says : "Justices of oyer and terminer, goal delivery, and of the peace, have power to give judgment by virtue of their respective commissions. But at common law, by granting a new commission, all the proceedings taken before the former commissioners expired, and therefore if from any cause a prisoner had been convicted, but judgment delayed, or sentenced, and no execution awarded before former commissioners, no judgment could be given or execution ordered by their successors." This grew out of a peculiar judicial system in England under which a commission was issued out of the King's Bench to justices of a lower court to try cases either on indictment originating before them, or upon indictment

sent down with the commission from the higher court, and under which they had power either to give judgment in cases originating before them, or might send it up to the King's Bench with the *postea*, or record of conviction, and with the prisoner, for judgment in that court; but as to a case sent down with the indictment they had no power to give judgment, and after conviction in the case, were required to send it to the King's Bench in the way just mentioned for judgment there. The commission was not to an office, but to justices already in office directing trials by them, and when the commission expired all the proceedings in any case not disposed of fell with it, and succeeding commissioners could not carry it on further, even to trial where there had been none. Chitty, *supra*, 2 Hale's Pleas of the Crown, 404. Hence, when it is said that succeeding commissioners cannot give judgment on convictions before their predecessors, this results from the nature of the commission, and not from any law which prevents one judge from giving judgment on a conviction before another. Indeed, the law in some cases required, and in others permitted, this very thing—the court of King's Bench giving judgment on convictions before commissioners. But, as seen in Hale, the law itself was changed by statute in England, so that afterward's the proceedings were not arrested on expiration of the commission, and succeeding commissioners were empowered to give judgment on convictions before their predecessors, but still there was nothing to prevent the judgment from being given in the King's Bench. With this explanation of the law cited by counsel, we think it does not sustain their position, and that a judge in this State, under the circumstances under which Judge Walker passed sentence on the petitioner, was not deprived of jurisdiction for that purpose.

Having come to the conclusion that the court had not lost jurisdiction of the case when the final sentence was passed, and it not being claimed that it is void for any other reason, it follows that neither that nor the first sentence can be attacked by *habeas corpus;* and if there was error in either, or both, it became the subject of writ of error. *Ex-parte* Bowen, 25 Fla., 214, 6 So. Rep., 65 , Bowen vs. State, Ibid, 645, 6 So. Rep., 459.

The prisoner will be remanded.