JOSEPHINE CARNAGIO and MINNIE CARNAGIO, *Plaintiffs in Error*, vs. THE STATE OF FLORIDA, *Defendant in Error.*

143 So. 162.

Division A.

Opinion filed July 18, 1932.

*Hendricks & Hendricks,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *H. E Carter,* Assistant, for the State.

BUFORD, C.J.—In this case the defendants were informed against in the Criminal Court of Record of Dade County and on the 25th day of April, 1931, entered a plea of nolo contendre, the charge being operating of a lottery game

and gambling. On the same date judgment was entered as follows:

"It appearing unto this Court that you, JOSEPHINE CARNAGIO, having pleaded nolo' contendre to operating a Lottery,

IT IS THEREFORE THE JUDGMENT of the law and it is hereby adjudged that you are and stand guilty of said offense as charged.

IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that sentence be suspended from day to day and term to term until the further order of this Court.

DONE AND ORDERED in open Court at Miami, Dade County, Florida, this 25th day of April, A. D. 1931.

E. C. COLLINS,
Judge."

Thereafter, on the 8th day of June, 1931, the April Term of said Court adjourned and the following order was made by the Judge thereof:

"All cases herein pending and not being disposed of this regular April Term of Court are continued and Court adjourned Sine Die, this 8th day of June, A. D. 1931.

E. C. COLLINS
JUDGE of the Criminal Court of Record,
Dade County, State of Florida."

At the succeeding term of the Court on the 29th day of September, 1931, sentence was imposed in words and figures as follows, to-wit:

"IT IS FURTHER ORDERED AND ADJUDGED that so much of the judgment of April 25, 1931, as defers passing of sentence in above case is hereby vacated, and it is ordered and adjudged that defendant pay a fine of $500.00 and costs, or in default thereof serve Twelve (12) months in the County Jail of Dade County at such labor as the legal authorities may direct.

DONE AND ORDERED in open Court at Miami,

Dade County, Florida, this 29th day of September, A. D. 1931.

E. C. COLLINS, Judge.''

To this judgment writ of error was taken.

It is contended here that the Court lost jurisdiction to impose a sentence when the Court adjourned on June 8th. In other words, it is contended that the Court could not suspend the pronouncing of sentence from term to term. Attorneys for the plaintiff in error have favored us with a splendid brief on this subject and pursuing the authorities which are cited in that brief as well as others which we have looked into, we find that there is conflict in various jurisdictions as to whether or not power is vested in the Court to defer sentence to a succeeding term after conviction and judgment has been entered on record.

The judgment is not complete until sentence has been pronounced, and, therefore, the case is not disposed of until sentence shall have been pronounced. The record shows that this case was pending and undisposed of when the Order continuing all cases undisposed of was made on June 8th, and, therefore, it was one of the cases continued until the next term. A brief citing numerous authorities is found on page 132 et seq. of 61 Law. Edition, also see In Re Hartt, L. R. A. 1915-C 1169; Fuller v. State, 39 L. R. A. (N. S.) 242; State vs. Abbott, 33 L. R. A. (N. S.) 112.

In the case of Ex Parte Williams, 26 Fla. 310, 8 Sou. 425, Mr. Justice A. E. Maxwell, speaking for this Court, said:

"That sentence may be suspended on conviction of an offender, because of mitigating circumstances, or the pendency of another indictment, or other sufficient cause, is not denied, and in practice is frequently done in this State, and in other States is held to be permissible. Commonwealth vs. Dowdican's Bail, 115 Mass. 133; State vs. Addy, 43 N. J. L. 113. And it does not

follow necessarily from suspension that a sentence may not be pronounced afterwards. But in this case it is argued that the Order or sentence, of Judge McClellan at the Fall Term, 1889, was not a simple suspension of sentence, but was itself a sentence, and that the Court had no power to adjudge a further penalty. If this view can be sustained it is on the ground that the law does not allow two sentences for the same offense. This is undoubtedly the law and the only question here is, whether the sentence referred to is one which comes within its reason and meaning. It is an order merely for the payment of costs, the fee of the State's Attorney being a part thereof, and then a postponement of further sentence. The purpose of the law is to prevent punishment of a person twice for the same offense. All persons are as much entitled to this protection as they are to protection against being twice put in jeopardy for the same offense, and the right to both is in this Country a sacred and fundamental one. Is the sentence a violation of this right? It will be found upon examination of the authorities cited to sustain the position of petitioner that in every case where the court overruled the action of the lower court there were two sentences, each imposing a penalty prescribed for the offense, and thus two distinct punishments; and that where the sentence was changed at the same term of court, as the law permits so long as execution of punishment has not commenced under the first sentence, the change was condemned because the punishment had been put in course of execution, or had been fully executed. See Ex Parte Lange, 18 Wall. 163; Commonwealth vs. Foster, 122 Mass. 317; State vs. Addy, 43 N. J. L. 113; Brown vs. Rice, 57 Me. 55; State vs. Davis, 31 La. Ann. 249. But to have this effect we understand that the first sentence must inflict the whole or some part of the penalty prescribed for the offense. For instance, in the case of the State vs. Addy, supra, where the party was convicted of a nuisance in obstructing a culvert, and the penalty of the law was fine or imprisonment, and also condemnation to abate the nuisance, and the court suspended sentence on payment of the costs and abatement of the nuisance, but after-

wards sentenced the party to imprisonment in jail, it was held that as the abatement of the nuisance was a part of the penalty, the sentence to do that was such sentence in the case; that the second sentence to imprisonment, though it might have been included in the first, was illegal.''

And further, in the same opinion, he said:

''A further contention in behalf of the petitioner is, that if the authority of the court, as to sentence, was not exhausted by the order to pay costs, it was lost after the next term of court (Spring of 1890) because the case was not docketed, was not called, and no action whatever taken in it—in other words, that this state of facts worked a discontinuance of the case. If the case was still undisposed of and pending, only awaiting further sentence, as we have held, the question is, whether the failure of the clerk to docket the case and the non-action of the court in it at that term, other than in a general order of continuance, put an end to it so that it was no longer alive and pending for further sentence. We think not, and it is so held in Commonwealth vs. Dowdican's Bail, supra, with this in the present case to strengthen that decision, that there no general or special order of continuance appeared, or seemed to be considered necessary. This is the rule in civil cases and we see no reason why it should not also prevail in criminal cases. See Forrester vs. Forrester, 39 Ala. 320; Moreland vs. Pelham, 7 Ark. 338; Gilbert vs. Hardwick, 11 Ga. 599; Pierce et al. vs. Bank of Tennessee, 1 Swan. 265; Davidson vs. Middleton, 3 Rich. 349. Applying the rule here, there was no discontinuance of the case but it passed over on failure of the court to take action, and was in contemplation of law a still pending case, awaiting sentence. The jurisdiction of the Court, therefore, still subsisted.''

The Williams case presented facts much more favorable to the defendant than does the case at bar. In this case there was no part of the sentence imposed. In the Williams case there was a part of the sentence imposed and further sentence was deferred to the next term of

the court. The case was not taken up or docketed at the next term of court but at a subsequent term was taken up and the sentence completed and this Court held that sentence valid. In the present case the order suspending sentence (which we must construe to mean suspending pronouncing of sentence, as no sentence had been pronounced to be suspended) particularly stated that the same should be from day to day and term to term until further order of the court. Then when the court adjourned an order was made continuing all the cases undisposed of, which included this case, to the next term of the court.

The law enunciated in this jurisdiction in the Williams case was referred to with approval in the case of Tanner vs. Wiggins, 54 Fla. 203, 45 Sou. 459, where this Court differentiated between the power of a court to suspend a sentence already imposed and the power of the court to suspend or defer the pronouncing of sentence. On authority of opinion in the case of Ex Parte Williams, supra, which has been the recognized law in this State since 1890, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.