ODESTER BRONSON v. STATE OF FLORIDA

3 So. (2nd) 873
Division B

*M. H. Myerson,* and *George E. Turner,* for Appellant.

*J. Tom Watson,* Attorney General, *Nathan Cockrell,* and *Sidney L. Segall,* Assistant Attorneys General, and *Woodrow M. Melvin,* Special Assistant Attorney General, for Appellee.

PER CURIAM.—An information filed May 27, 1940 in the Criminal Court of Record for Duval County by the County Solicitor charges under Sec. 5, Chap. 19301, Acts 1939, that in Duval County, on May 25, 1940, Odester Bronson,

". . . did then and there unlawfully and felonously have in his possession within the State of Florida a beverage containing more than one per-cent (1%) of alcohol by weight to-wit: five gallons (5) of moonshine whiskey, a better and more particular description of which said moonshine whiskey is to the County Solicitor unknown, on which a Florida Excise stamp tax was required to be paid and on which said alcoholic beverage such Florida excise stamp tax had not been paid and no Florida excise liquor stamp was affixed to the immediate container in which said moonshine whiskey was contained."

A plea of not guilty was filed. On July 8, 1940, the following proceedings were had:

"Comes now the defendant, Odester Bronson, in proper person, and in open Court by leave of the Court withdraws Plea of Not Guilty and pleads Guilty.

"Now again comes the defendant, Odester Bronson, in proper person; Whereupon, It is, Adjudged by the

Court that said defendant is guilty of the offense of Possession of Liquor Without Paying Florida Excise Tax, as charged in the Information herein, and the said defendant asked by the Court if he had anything to say why the sentence of the law should not be pronounced upon him and saying nothing sufficient; Therefore, It Is, Considered by the Court that the sentence in this cause be and the same is hereby SUSPENDED: And It Is, Further Considered by the Court that you, Odester Bronson, be paroled into the custody of the Probation Officer of this Court for the period of ONE YEAR from this date."

On February 4, 1941, it was

"Ordered by the Court that a Capias issue for the defendant, Odester Bronson; Whereupon a capias issued as Ordered. No Bond Fixed. Capias returned by the Sheriff, served.

"Ordered by the Court that the Suspended Sentence and Probation period heretofore imposed on the defendent Odester Bronson, be and same is hereby Revoked and Set Aside; And It Is, Further Considered by the Court that you, Odester Bronson, be imprisoned in the County Jail of Duval County at hard labor for the period of SIX MONTHS from this date."

Defendant appealed and contends (1) that the original judgment of July 8, 1940 is void for the following reasons:

". . . (a) That said Judgment and Sentence does not follow the language of the statutory law nor the decisions of the Supreme Court in cases of this character. (b) That said Judgment and Sentence does not contain any judgment or sentence against the defendant named therein. (c) That the only Judg-

ment and Sentence contained in said Order is that Judgment was suspended. (d) That it appears upon the face of said Order that the defendant named therein was not placed on probation but it affirmatively appears on the face of said Order that the defendant named therein was parolled into the custody of the Probation officer, and the Judge of the Criminal Court of Record of Duval County has no authority to parole defendant.

"(2) The Judgment and Sentence . . . made and entered on February 4, 1941 was an abuse of judicial discretion of said Trial Judge for the following reasons:

"(a) That said Order does not follow the original Order of July 8, 1940;

"(b) That although in and by the said Order of July 8, 1940 Appellant was parolled into the custody of the Probation Officer of the Criminal Court of Record in and for Duval County, Florida, for a period of one year, yet on February 4, 1941, such parole or probation was revoked without any testimony from said Probation Officer of the said Criminal Court of Record, Duval County, Florida.

"(3) That the parole or probation was revoked by the Judge of said Court upon the sole testimony of the agent of the Alcohol Tax Unit of the Internal Revenue Department of the United States of America, and . . . such testimony in no wise implicated the Appellant, nor was there any testimony before the Court that Appellant, Odester Bronson, had committed any act in violation of either a parole or a probation."

By the judgment on the plea of guilty, rendered July 8, 1940, it is, ". . . Adjudged by the court that

said defendant is guilty of the offense of Possession of Liquor Without Paying Florida Excise Tax, as charged in the Information Herein . . ." It was then ". . . Considered by the Court that the sentence in this cause be and same is hereby SUSPENDED: And It Is, Further Considered by the Court that you, Odester Bronson, be paroled into the custody of the Probation Officer of this Court for the period of ONE YEAR from this date."

The guilt of the defendant of the offense charged having been established on a plea of guilty by an adjudication "that said defendant is guilty of the offense" charged, the remainder of the adjudication is merely a suspension or postponement of the pronouncement of a sentence upon the judgment of guilt and the placing of the defendant in the custody of a responsible officer of the court for one year, during which period the court had the inherent judicial power to have the defendant brought into the court and to impose the sentence provided by law as a consequence of the conviction of guilt which had been pronounced upon the plea of guilty. On February 4, 1941, upon a capias issued and served on the defendant, the court acted within its authority when it was "Ordered by the Court that the Suspended Sentence and Probation period heretofore imposed on the defendant Odester Bronson, be and same is hereby Revoked and Set Aside; And It Is, Further Considered by the Court that you, Odester Bronson, be imprisoned in the County Jail of Duval County at hard labor for the period of SIX MONTHS from this date."

No conditions were imposed when sentence was suspended, thus leaving the revocation of the custody order to the discretion of the court; and it cannot

fairly be said on this record that the Judge abused a sound judicial discretion in revoking. the custody and imposing a lawful sentence under the judgment of guilt on the plea of guilty. See *Ex parte* Williams, 26 Fla. 310, 8 So. 425; Carnagio v. State, 106 Fla. 209, 143 So. 162; Campbell v. State, 131 Fla. 135, 179 So. 137. See also Tanner v. Wiggins, 54 Fla. 203, 45 So. 459.

There is nothing in the statutes to limit or restrain the court's inherent power to suspend pronouncement of sentence, once having entered a judgment of conviction upon a plea of guilty, or to prevent the imposition of the sentence pronounced in this case.

There being no error in the proceedings, the sentence below is

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.