**D. C. COLEMAN, as Sheriff of Dade County, Florida, v. THE STATE OF FLORIDA, ex rel. JOE LYNDE.**

6 So. (2nd) 2                                    Division B
February 6, 1942

G. A. Worley, Robert R. Taylor and Thomas H. Anderson, for plaintiff in error.

L. Raymond O'steen, for defendant in error.

THOMAS, J.:

In his original and supplemental petitions for habeas corpus one Joe Lynde represented to the circuit judge that he was being unlawfully restrained of his liberty by the sheriff of Dade County.

From these pleadings it appeared that he plead guilty to an information, filed in the court of crimes, charging him with embezzlement. Sentence was not immediately passed and he was released from custody pending an effort on his part to make restitution of

the amount of his defalcation. Not having repaid the money which he was charged with embezzling an alias warrant was issued for his arrest.

After the writ of habeas corpus was issued by the circuit judge the petitioner was taken before the judge of the court of crimes who imposed a sentence of six months in the county jail, the time to be computed from the date of the second arrest. The defendant had then been incarcerated for more than a month after enjoying approximately two months of freedom.

It was the opinion of the circuit judge that the detention of the prisoner was unlawful which view, we understand from the observations in his order, was based on the action of the court in delaying sentence for approximately two months, the issuance of an alias warrant after the defendant had failed to restore the property embezzled, and the imposition of sentence subsequent to the srevice of the writ of habeas corpus.

Although a judge has the right to defer the imposition of sentence in some cases, Bronson v. State, 148 Fla. 188, 3 So. 2d 873, we do not commend the procedure in a prosecution like the instant one where the offense charged was one against property. Evidently, the interim between the plea of guilty and the sentence was permitted in order that the culprit might restore the property he misappropriated and he was re-arrested upon the complaint of the prosecuting witness that he had failed to make restitution. Irregular as that method may have been it did not vitiate the judgment so that it could be successfully questioned in a proceeding of habeas corpus with the result that the offender should be given his freedom.

It has been said by this court that irregularities in judicial proceedings are not reviewable on habeas corpus, Bronk v. State, 43 Fla. 461, 31 So. 248. If the judgment in the instant case had been void the order of discharge would have been correct, but that was not the case. It seems to us that the judge of the court of crimes in imposing sentence, even after the issuance of the writ of habeas corpus, simply did what he should have done long before and that the postponement was no ground for the discharge of the prisoner.

The judgment is—

Reversed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.