## RUSSELL PINKNEY v. STATE OF FLORIDA

37 So. (2nd) 157                                        June Term, 1948
October 15, 1948                                        Division A

*George W. Scofield,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

SEBRING, J.:

This case is before us on a motion to dismiss an appeal taken from a judgment and sentence entered pursuant to a voluntary plea of guilty to a criminal information charging the unlawful possession and sale of lottery tickets. At the same session of the Court in which the appellant, in the presence of his counsel, entered his plea of guilty, the trial judge adjudicated his guilt and consequently thereon ordered "that the passing of sentence herein be continued from day to day and from term to term until finally disposed of."

At a term of court held approximately two years and seven months later, the trial judge caused the appellant to be brought before him for the purpose of imposing sentence for the crime to which he had previously plead guilty. At the hearing and before imposition of sentence the appellant, by and through his attorney, requested leave of the court to present evidence to show that at all times after the date of the proceedings at which the suspension of the imposition of sentence was ordered the appellant had been on good behavior and hence that no valid ground for the imposition of sentence existed. The request to make such showing was denied by the trial judge and a three year sentence in the state prison was imposed upon the appellant. Thereupon the appellant entered his appeal to this court assigning as grounds for reversal (1) that the criminal information upon which the plea, judgment and sentence were entered was so defective as to fail to allege any criminal offense or to protect the appellant against a second prosecution for the same alleged offense; and (2) that the order deferring the imposition of sentence amounted, in legal effect, to an order placing the appellant on probation, which could not be revoked without according to the appellant a hearing on the question of good behavior subsequent to the entry of the order.

The attorney general has moved to dismiss the appeal on the ground that the appeal is wholly without merit.

It takes but a cursory examination of the record to ascertain that the information upon which the judgment and sentence is based is framed in substantially the language of the statute and that it does charge an offense under the criminal laws of the State. The appellant, in the presence of his counsel, appeared in open court and entered a plea of guilty when arraigned on the information. The judgment was, in effect, a voluntary judgment by confession; for the appellant makes no contention that the plea was not entered freely and voluntarily by a person of competent intelligence with a full understanding and comprehension of the nature and effect of the charge and of the fact upon which it was grounded. Under such circumstances the appellant cannot now be heard to question for the first time the sufficiency of the information.

By the remaining ground of his appeal the appellant attempts to question the power of the trial court to impose sentence without first according the appellant a full hearing on the question of good behavior during the period intervening between the plea and the sentence.

There is nothing in the record to support the contention of the appellant that he was entitled to a hearing on the question of good behavior. The order suspending the imposition of sentence could not possibly have been construed as an order for probation. For had it been the intention of the trial judge to place the appellant on probation some finding to that effect would undoubtedly have appeared in the transcript of the proceedings and an order would have been entered by the trial judge placing the appellant under the supervision and control of the parole commission for the period of probation. See Sections 948.01-948.06 Florida Statutes, 1941, F.S.A.

Neither could the order entered by the trial judge have been construed as an order suspending the imposition of sentence during the good behavior of the appellant, or on other like terms, such as was the case in Brill v. State, (Fla.) 32 So. (2nd) 607; for by the order of the trial judge imposed no terms or conditions upon the appellant, nor did the trial judge

agree to any, as a basis for deferring the pronouncing of sentence at any time in the future.

It has always been the law of this jurisdiction that, except in cases involving suspension of the imposition of sentence on terms and conditions to be kept or observed by a defendant, or of cases involving probation under the statutes, a trial judge who has deferred the imposition of sentence upon a defendant may proceed to impose sentence upon him at any time, either during the term in which guilt is admitted or established or at a later term, without the necessity of first according to the defendant a hearing on the question of his good behavior. See Ex parte Williams, 26 Fla. 310, 8 So. 425; Tanner v. Wiggins, 54 Fla. 203, 45 So. 459; Ragland v. State, 55 Fla. 157, 46 So. 724; Carnagio v. State, 106 Fla. 209, 143 So. 162; Campbell v. State, 131 Fla. 135, 179 So. 137; Bronson v. State, 148 Fla. 188, 3 So. (2nd) 873.

Inasmuch as the questions attempted to be raised on this appeal are so clearly untenable as to require but a bare inspection of the record and grounds of appeal to determine their want of merit, it is our view that the motion to dismiss the appeal should be granted.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.