Bernard Bosso pleaded guilty of keeping a gaming table, was adjudged guilty of the offense and sentenced by the court to pay a fine. In addition, he was put on probation for a period of five years. It seems unnecessary to quote any of the provisions of the order of probation save the one that the "Court may at any time for cause, vacate the order of probation and thereupon imposethat sentence which might have been imposed in the firstinstance." (Italics supplied.)
According to our decision in Sellers v. Bridges, 153 Fla. 586,15 So.2d 293, 148 A.L.R. 1240, the petitioner was sufficiently restrained by the order to justify our testing its validity in habeas corpus.
There is no doubt about the fine having been paid, but the sole point raised is whether, after it was assessed, the defendant could properly be placed on probation. The law defining the offense which the petitioner was alleged to have committed,849.01, Florida Statutes 1941, and F.S.A., provides that one convicted under it shall be punished by imprisonment or by fine. Had the court the power, then, to impose the fine and also restrict the defendant by an order bearing the condition that if eventually that order should be vacated he could be sentenced again? We are convinced by the authorities cited to us by the petitioner's counsel and by the Attorney General that punishment for one crime may not be inflicted piecemeal.
We disapproved such procedure in Carnagio v. State, 106 Fla. 209, 143 So. 162, where the court quoted liberally from the opinion in Ex parte Williams, 26 Fla. 310, 8 So. 425. The imposition of a sentence may be suspended or deferred, but it is unlawful for a court to inflict two punishments for the same offense, unless perhaps the second sentence is an alteration of the first and the change is made at the same term of court and before service is begun, a situation which does not obtain here.
Were the petitioner to be hailed into court for violation of the parole order, the court would be powerless to punish him further; so the probation order was void from its inception.
This seems to be a general rule which has been varied only in the language used to express it. For instance, in the note in 8 American English Annotated Cases 388 it is said that a sentence "must be imposed in full or suspended in full"; in People v. Felker, 61 Mich. 110, 27 N.W. 869, 870, that "a judgment in a criminal case cannot be divided up and parcelled out * * *." Compilation of authorities on the subject may be found in 15 American Jurisprudence at page 135 and in 24 C.J.S., Criminal Law, § 1564, at page 29.
It is the position of the Attorney General that such is the rule "in the absence of permissive statute," and he refers to the federal law on the subject and relevant statutes of the states of New York, California, and Nebraska. These do appear to allow such procedure, but the authority *Page 324 
for it found in them does not appear in our law.
True, Section 948.03, Florida Statutes 1941, and F.S.A., enumerates the terms of probation, then provides that such others as the court considers proper may be included, giving considerable latitude to the judge in fixing the conditions by which the convict shall abide, but of course these apply only if the probation is valid in the first instance.
The basic statute, Section 948.01, Florida Statutes 1941, and F.S.A., empowers the court only to suspend the imposition ofsentence and instead grant probation where the probable future conduct of the defendant, the ends of justice, and the welfare of society warrant that action. We do not discover in it any power to impose sentence in portions, but only to pronounce the whole sentence, or to defer the whole until a probation order entered in lieu of it is vacated.
The petitioner is discharged.
ADAMS, C.J., and TERRELL and BARNS, JJ., concur.