LOPEZ, Associate Justice.
The State of Florida, as authorized by Section 924.07, Florida Statutes,' F.S.A., challenges on this appeal the order of the Criminal Court of Record for the County of Broward, State of Florida,. which quashed an information under the provisions of Section 800.01, Florida Statutes, F.S.A., and reading as follows:
“In the Name and by the Authority of the State of Florida:
“Otis Farrington, County Solicitor • for the County of Broward, State of Florida, charges that Murray White on the 15th day of February, A.D. 1953, in the County and State aforesaid-, did then and there unlawfully commit the abominable and detestable crime against nature in that the said defendant did then and there carnally know one Bobby Cole contrary to the order of nature by taking the* penis of the said Bobby Cole into the mouth of the said defendant, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Florida.”
-The defendant, Murray White, moved the said Criminal Court to quash the said information on the following grounds: ,
“1. That on the 3rd day of- March, 1953, the Information filed against this defendant which included among others, one Bobby Cole, was quashed ujpon order of this Court for the reason that said Information was defective in that it did contain the words ‘carnally know’.
“2. That said information omits to allege the essential elements of the offense- as prescribed 'by -the Statutes of the Sovereign State of Florida.
*398 “3. And for other reasons to be argued, ore tenus.”
The Judge of the said Criminal Court entered an order quashing the said information but failed to set out the specific grounds upon which the said information was quashed.
The said information follows the language of the statute charging an offense under Section 800.01 and it is legally sufficient. Lason v. State, 152 Fla. 440, 12 So.2d 305; Pinkney v. State, 160 Fla. 884, 37 So.2d 157; State v. Pound, Fla., 49 So.2d 521.
It is our conclusion that the trial court erred 'in quashing the information challenged here and holding same defective.
Reversed.
ROBERTS, C. J., and TFIOMAS and DREW, JJ., concur.