*In re* J. R. CAMP.

Division B.

Opinion Filed July 5, 1926.

Where in a criminal prosecution, the sentence imposed is in excess of that authorized by law, the defendant held in custody under such sentence, may, in *habeas corpus* proceedings, be remanded for a proper sentence.

A case of original jurisdiction.

Petitioner remanded for proper sentence.

*John M. Calhoun,* for Petitioner.

*J. B. Johnson, Attorney General,* and *Roy Campbell, Assistant,* for the State.

WHITFIELD, J.—In *habeas corpus* proceedings it appears that in the Criminal Court of Record for Orange County, J. R. Camp and J. V. Sanders were charged with the larceny of a Ford touring car automobile. At the trial "the court instructed the jury that the evidence was not sufficient to warrant them in bringing in a verdict of guilty

against J. V. Sanders, and therefore they must deal solely with J. R. Camp." The verdict was: "We, the jury, find the defendant guilty as charged. So say we all." The court rendered the following judgment:

"Now on this day came in person the defendant, J. R. Camp in open court, and being asked by the court whether he had any thing to say why sentence of the law should not be pronounced upon him, says nothing. It is therefore the judgment, order and sentence of the court that you, J. R. Camp, for the crime of which you have been and stand convicted, be imprisoned for five and one half years in the State Prison from the date of your delivery to the officers thereof."

The statute provides that any person convicted of the larceny of an automobile "shall be punished by imprisonment in the State prison for a term of not exceeding five years, or by fine not exceeding five thousand dollars." Sec. 5142 Rev. Gen. Stats. 1920.

As the sentence is in excess of that fixed by law, the petitioner will be remanded to the Criminal Court of Record for Orange County for a proper sentence. See Ex Parte Simmons, 73 Fla. 998, 75 South Rep. 542.

It is so ordered.

TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.