77 So.2d 843 (1955)
John COLLINGSWORTH, Petitioner,
v.
Nathan MAYO, as Prison Custodian of the State of Florida, Respondent.
Supreme Court of Florida. Division A.
February 9, 1955.
John Collingsworth, in pro. per.
Richard W. Ervin, Atty. Gen., and Moie J.L. Tendrich, Asst. Atty. Gen., for respondent.
*844 SEBRING, Justice.
This is a habeas corpus proceeding in which the petitioner challenges the legality of the judgment and sentence under which he is presently imprisoned.
From the petition, the return, and the traverse to the return, it appears that on September 24, 1945, the petitioner was charged, in a two-count information, with breaking and entering an office building with intent to commit grand larceny and with buying, receiving and aiding in the concealment of stolen property. Upon arraignment on January 31, 1946, the petitioner entered a voluntary plea of guilty to the first count of the information. According to the record the petitioner was not adjudged guilty, in this arraignment proceeding, of the offense charged, but, instead, the Court ordered "that sentence in this case be withheld, and that case be dropped from docket." On June 18, 1948, the trial court adjudged the petitioner to be guilty of the said charge of breaking and entering and sentenced him to a term of 20 years at hard labor.
It is the contention of the petitioner that when the trial court, instead of adjudicating the guilt of the petitioner upon his voluntary plea of guilty, ordered "that sentence in this case be withheld, and that case be dropped from docket" the trial court thereby lost jurisdiction of the cause and was without power to adjudicate guilt and impose sentence at a subsequent day more than two years and five months after the arraignment of the petitioner. It is also the contention of the petitioner that, assuming the power of the trial court, at the subsequent date, to adjudicate the guilt of the petitioner and impose sentence upon him, the sentence imposed was void because it was in excess of the penalty authorized by the controlling statute.
The first contention of the petitioner must be rejected. "It has always been the law of this jurisdiction that, except in cases involving suspension of the imposition of sentence on terms and conditions to be kept or observed by a defendant, or of cases involving probation under the statutes, a trial judge who has deferred the imposition of sentence upon a defendant may proceed to impose sentence upon him at any time, either during the term in which guilt is admitted or established or at a later term * * *." Pinkney v. State, 160 Fla. 884, 37 So.2d 157, 158; Campbell v. State, 131 Fla. 135, 179 So. 137; Carnagio v. State, 106 Fla. 209, 143 So. 162.
The fact that in the present case the trial court ordered that the "case be dropped from [the] docket," after the petitioner had entered a plea of guilty to the offense charged, was quite without legal significance, because it could have meant no more than an expressed intention on the part of the trial judge that inasmuch as the charge against the petitioner had been disposed of without the necessity for trial, no further occasion existed for keeping the cause on the trial docket.
The second contention of the petitioner is well founded. The statute under which the petitioner was charged provides that "Whoever breaks and enters any other building * * * with intent to commit a felony * * * shall be punished by imprisonment in the state prison not exceeding fifteen years." Sec. 810.02, Florida Statutes 1953, F.S.A. (Emphasis supplied.) The alternative provision of the statute for a twenty-year penalty, for use of high explosives in commission of the crime, is not applicable to the charge made in the information in this cause, to which appellant entered his plea of guilty.
It is settled in this jurisdiction that where the sentence imposed on a criminal charge is in excess of that authorized by law, a defendant held in custody pursuant to such sentence is entitled, in a habeas corpus proceeding, to be remanded for a proper sentence. In re Camp, 92 Fla. 185, 109 So. 445; Coleman v. State ex rel. Jackson, 140 Fla. 772, 193 So. 84.
As the sentence in the present case is in excess of that authorized by law, the petitioner should be remanded to the Circuit *845 Court for Santa Rosa County, Florida, for the imposition of proper sentence.
It is so ordered.
MATHEWS, C.J., and TERRELL and ROBERTS, JJ., concur.