101 So.2d 869 (1958)
Mussa C. BATEH, Appellant,
v.
STATE of Florida, Appellee.
No. A-101.
District Court of Appeal of Florida. First District.
April 1, 1958.
Rehearing Denied April 29, 1958.
Rehearing Opinion as Revised June 26, 1948.
*870 Larkin & Lewis, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
WIGGINTON, Justice.
This is an appeal from judgment of conviction and sentence imposed by the Criminal Court of Record of Duval County in a case arising under Chapter 398, Florida Statutes. F.S.A.
On August 30, 1955, appellant was informed against and charged in two counts with violating the provisions of F.S. § 398.09 and Sec. 398.10, F.S.A., and upon arraignment entered a plea of nolo contendere. On November 3, 1955, he was adjudged guilty as charged. The trial court ordered that "* * * the passing of sentence herein be deferred from day to day and term to term until finally disposed of and the Court herein expressly reserves jurisdiction of this cause to impose sentence herein at a later date as the Court may deem advisable." Appellant was thereupon "released on [his] own recognizance." Thereafter, on December 18, 1956, appellant was brought before the court and a supplemental order was entered whereby the prior order of November 3, 1955, was "vacated and set aside" and sentence of two years in the state prison was imposed.
Appellant here challenges the trial court's authority to defer sentence indefinitely, and asserts that the order of November 3, 1955, violates due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution, and the Declaration of Rights of the Florida Constitution, F.S.A. He therefore contends that such order was ineffectual insofar as it purported to continue the trial court's jurisdiction for the purpose of permitting it to impose the sentence contained in its order of December 18, 1956.
The practice of deferring the imposition of sentence upon persons convicted of criminal offenses had its origin in the common law courts of England at a time when the laws of England did not permit motions for a new trial grounded upon the insufficiency of the evidence, or for alleged errors during the course of the proceedings. There the trial courts assumed authority to temporarily suspend the imposition or execution of sentence by the issuance of a reprieve.[1] Such a reprieve was only temporary and granted *871 in the court's discretion for the accomplishment of some lawful purpose.[2] These courts neither possessed nor claimed the right to indefinitely suspend the imposition or execution of sentence and thereby nullify the penalty lawfully prescribed upon conviction.
This practice subsequently became engrafted upon the jurisprudence of some of the United States without affirmative recognition of any common law doctrine in support thereof and without regard to any legislative provisions for probation. Temporary deferment was utilized to afford time for a motion for new trial or in arrest of judgment; an application for pardon, or to enable the trial judge to conduct such pre-sentence investigation as may be necessary to the imposition of a proper sentence; and also where such action became expedient due to the pendency of another charge. Such procedure eventually came to be accepted by conscientious trial judges as a means of meeting modern notions regarding the treatment and rehabilitation of those who stood convicted for violation of the law. Having been once asserted, the practice continued solely as the result of prior precedent.[3]
The first approval of a deferred sentence recorded in this jurisdiction appears in Ex parte Williams, decided in 1890,[4] wherein our Supreme Court observed ad dictum "* * * that sentence may be suspended on conviction of an offender, because of mitigating circumstances, or the pendency of another indictment, or other sufficient cause, is not denied, and in practice is frequently done in this state, and in other states is held to be permissible." It is to be noted that this affirmation relates to suspensions which are temporary and for sufficient cause, without regard to statutory or inherent authority but predicated upon the bare assertion that such had been the practice.
Later, in 1907, the Supreme Court, again in dictum, acknowledge the right of Florida trial courts within definitely restricted limitations, to suspend the imposition of sentence.[5] But, "The power of such a court to suspend the execution of a sentence already lawfully imposed, except for purposes of giving effect to an appeal, or where cumulative sentences are imposed, and perhaps in some cases of necessity, or emergency, presents another question. It seems to us the weight of reason and authority is against the existence of such a power, especially where, as with us, exclusive control over the subject of pardons and the commutation and mitigation of penalties is lodged by our Constitution in other officials than the judges of the courts."[6] These decisions recognize no reason which supports a distinction between the court's authority to indefinitely defer sentence, and its power to indefinitely suspend the execution of sentence.
In the subsequent development of our jurisprudence trial courts, in the interest of justice, attempted by the practice of deferring imposition of sentence to administer a system of unsupervised probation without facilities or funds necessary to accomplish the purpose which probation is intended to serve. In recognition of the desirable object of such practice, the Supreme Court, in 1932, held[7] that the trial court was authorized to suspend the imposition of sentence after judgment of conviction "from day to day and term to term". It is here noted that this holding was based upon the Williams case, supra, and concerned a situation in which the trial court entered its judgment of conviction during the April Term of court, which ended June 8, 1931, and imposed sentence *872 at the succeeding term on September 29, 1931. The latter order was attacked on the ground that the trial court was without jurisdiction to impose sentence after adjournment for the Term during which conviction and judgment had been entered upon the record. A similar holding is reported in a decision rendered by the Supreme Court in 1938.[8]
In Bronson v. State[9], decided in 1941, the defendant had been adjudged guilty. Judgment of conviction was entered, sentence was suspended and defendant was paroled into the custody of the probation officer of the court for a period of one year. The trial court subsequently revoked its probation order and sentenced the defendant to six months in the county jail. After observing that the record contained no evidence that the judge abused a sound judicial discretion "* * * in revoking the custody and imposing a lawful sentence * * *", the Supreme Court stated: "There is nothing in the statutes to limit or restrain the court's inherent power to suspend pronouncement of sentence, once having entered a judgment of conviction upon a plea of guilty, or to prevent the imposition of the sentence pronounced in this case." In support of this proposition the Court relied upon its former decisions as set forth above; and for the first time a suspension of sentence was claimed as a valid exercise of the trial court's inherent power.
The inherent power doctrine was again applied in Pinkney v. State[10] in which case the Supreme Court observed: "It has always been the law of this jurisdiction that, except in cases involving suspension of the imposition of sentence on terms and conditions to be kept or observed by a defendant, or of cases involving probation under the statutes, a trial judge who has deferred the imposition of sentence upon a defendant may proceed to impose sentence upon him at any time, either during the term in which guilt is admitted or established or at a later term, without the necessity of first according to the defendant a hearing on the question of his good behavior."
It is apparent from the foregoing authority that the power of a trial court to suspend the imposition of sentence was originally approved under circumstances in which a temporary deferment was employed to permit accomplishment of some lawful purpose consistent with the ends of justice. By repeated practice these limitations became eroded and disregarded until the right to indefinitely postpone the imposition of a sentence came to be a recognized "inherent" power. It is significant that in none of the cases through which this practice evolved has the Court been called upon to test its conformity to the state or federal constitutional guarantees of due process and a speedy trial.[11] Nor has the practice of indefinite deferment been reconciled with the exclusive power of the executive department of our state government to grant pardons and the equally exclusive delegation of the power to enact laws to the Legislature.
It is inescapable that any order which indefinitely suspends the imposition of a lawful sentence or stays the execution of such sentence after it has been imposed has the effect of either nullifying the law, or of placing the convicted party on probation, or awarding a conditional pardon. In the earlier development of this practice our trial courts were doubtless motivated by the philosophy that one convicted of a crime should not suffer the severe penalty prescribed by law, if, in the court's sound discretion the probable future conduct of the defendant, the ends of justice and the welfare of society warranted action by the court to effect a rehabilitation of the convicted party through a suspended sentence. Such a philosophy is, we believe, inconsistent with the doctrine which vests the lawmaking authority in the legislative branch *873 of our government and the power to pardon in the executive. It has long been the law in this State: That "in all cases the court shall award the sentence and shall fix the punishment or penalty prescribed by law."[12]
In 1941, the legislature, by enactment of F.S. Chapter 948, F.S.A., limited the authority by which imposition of a sentence may be deferred. F.S. § 948.01(3), F.S.A., provides that "* * * if it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court, in its discretion may thereupon stay and suspend the imposition of sentence upon such defendant, and shall place him upon probation under the supervision and control of the parole commission for the duration of such probation * *;" and F.S. § 948.01(4), F.S.A., provides: "In no case shall the imposition of sentence be suspended and the defendant thereupon placed on probation unless such defendant be placed under the custody of said parole commission except as provided in § 949.03." That the limitation upon the court's authority to indefinitely suspend the imposition of sentence is now the recognized law in this jurisdiction is clear from the court's decision in Ex parte Bosso[13] wherein it was held that suspension was permissible "only" in accordance with F.S. Chapter 948, F.S.A. Therefore, any action by a trial court in suspending sentence indefinitely, with the result that the defendant is placed on unsupervised probation, would constitute infringement upon the powers lawfully delegated to the executive branch of our government.
We are not unmindful of the fact that the Pinkney case[14] by implication recognizes the existence of two distinct systems of probation, both executive and judicial. Nor have we lost sight of the holding in Collingsworth v. Mayo[15] in which our Supreme Court re-affirmed the trial court's indefinite deferral of sentence on the authority of its prior decisions which have been heretofore discussed in this opinion. As previously noted, it does not appear that our Supreme Court has been called upon to view this practice in light of the Florida or Federal Constitution as affected by our present parole and probation law. For these reasons we do not consider those cases which have heretofore approved the practice of indefinitely deferring sentence as controlling the question presented in the case at bar.
The appellant in this case was adjudged guilty of the offenses charged on November 3, 1955. Upon that judgment the trial court had the alternative, absent some sufficient and lawful reason for temporary delay, of passing sentence forthwith in accordance with the statute prescribing the penalty upon conviction of the crimes charged, or he could have suspended the imposition of sentence and placed the defendant on probation as provided in F.S. Chapter 948, F.S.A. Neither alternative was followed. Instead, sentence was deferred for no stated lawful purpose but for an indefinite period, and defendant was released upon his own recognizance. That portion of the order which purports to defer sentence we hold to have been beyond the court's jurisdiction and therefore violative of defendant's constitutional rights to due process of law. The sentence subsequently imposed by the trial court, ordering defendant imprisoned in the state prison for a term of two years is within the limitations of the punishment prescribed by the statute under which defendant was convicted. Had this sentence been imposed *874 at the time prescribed by law it would have become effective on November 3, 1955, the date defendant was adjudged guilty. This is so far the reason that the trial court elected at that time not to place defendant on probation in accordance with the provisions of F.S. Chapter 948, F.S.A. We, therefore, hold that the sentence imposed upon defendant on December 18, 1956, became effective November 3, 1955, nunc pro tunc. Thus defendant's two year term shall be deemed to have commenced as of the date last mentioned and must now be considered to have been fully served. In so holding it is not the intention of this court to abrogate the trial court's power to temporarily suspend the imposition of sentence in a criminal cause from time to time, and, if deemed necessary, from term to term, for the purpose of determining motions and other matters arising between verdict and judgment, such as gaining information necessary to the imposition of a just sentence; or during the pendency of other charges, or for other good and valid reasons. We merely hold that a trial court cannot by the artifice of postponing the pronouncement of sentence exercise the power to conditionally parole or pardon a defendant who stands convicted of a crime.
For the reasons stated herein the cause is remanded with directions to enter an appropriate order discharging the prisoner and his bondsmen.
CARROLL, DONALD K., J., and REVELS, P.B., Associate Judge, concur.

On Petition for Rehearing
WIGGINTON, Judge.
Pursuant to petitions for rehearing filed by the parties, we have carefully reconsidered the record and briefs herein.
By its petition the State quite ably points to the fact that the question as to whether the trial court's orders indefinitely deferring the imposition of sentence were violative of defendant's constitutional rights was not raised before that court; and insists that this court overlooked the established and accepted rule that questions not presented in the trial court will not be considered on appeal. This rule, which is procedural in nature, has as its purpose the prevention of unlimited litigation through the device of propounding new questions at each stage of an appeal. Its application should not be withheld, unless it be shown that such would serve to defeat the administration of fundamental justice.[1] This exception is fully recognized by the Statute[2] governing the scope of appellate review of criminal matters which provides, inter alia: "The [appellate] court may also in its discretion, if it deems the interests of justice to require, review any other things said or done in the cause which appears in the appeal papers * * *." Further, it is the established law of this jurisdiction that the appellate court may, in its discretion, consider, sua sponte, the legality of the sentence imposed in any case it may be called upon to review, whether or not such sentence was assigned as error on appeal.[3] In view of the principles hereinbefore delineated, we do not believe the right to a review should be withheld merely because of the accused's failure to challenge the deferment of sentence at trial.
The State's petition also directs our attention to F.S. § 775.14, F.S.A., which provides: "Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of five years, shall not thereafter be sentenced for the conviction of the same crime for which sentence was originally withheld." *875 It is contended that this section constitutes the only lawful restriction on a trial court's power to defer the imposition of sentence upon one properly convicted and adjudged guilty of a crime. This, upon the theory that the cited statute constitutes legislative recognition and approval of such practice. It is noted at the outset that this statute did not become law until after entry of the orders herein complained of, and, therefore, cannot be considered as controlling in any way the ultimate decision in the instant case.[4] Suffice it to say we do not construe this statute as a recognition of an inherent judicial power to indefinitely defer the imposition of a sentence. Legislative recognition of a judicial practice does not serve to establish such practice as being within a court's inherent powers. Such powers vest by virtue of the very nature of the judiciary and are not the subject of legislative fiaunt. Nor for that matter do we interpret this statute as a legislative grant of such power without restriction.
It is urged that the constitutional questions presented in this case have been heretofore considered by our Supreme Court; which consideration resulted in a decision contrary to that reached in our original opinion. This contention is founded upon the assertion that a review of the records of certain cases previously decided by the Supreme Court reveals that there were included among the various errors assigned for review certain questions as to other provisions of the Florida and Federal Constitutions. Our review of those case records served only to re-affirm our prior opinion that our Supreme Court has not been called upon to consider the practice here questioned in light of the Florida or Federal Constitution as affected by our present parole and probation law. We recognize the rule cited in the State's petition that an affirmance on appeal concludes all questions that might have been raised by such appeal; but only insofar as it applies to the parties to the cause. It cannot be said that a person's right to an adjudication of a question of law on appeal is barred by the fact that such question might have been, but was not raised by the parties to some prior and wholly unrelated cause.
The office of the Attorney General, in carrying out its statutory obligation, has called to our attention certain language used in our main opinion herein which we must agree was erroneous. That language follows the holding that defendant's sentence shall be deemed to have commenced on November 3, 1955, nunc pro tunc. It is to the effect that the sentence "... must now be considered to have been fully served"; and remands the cause for the entry of an appropriate order "discharging the prisoner and his bondsmen." This was error for the reason that defendant filed his notice of appeal and posted a supersedeas bond on December 18, 1956. Under § 924.14, F.S., F.S.A., "The execution of a sentence ... is stayed upon the taking of the appeal and the defendant may be released on bail ..." (Emphasis supplied.) Thus, the execution of sentence must be deemed stayed for the period during which the defendant enjoys bail pending appeal.
Accordingly, we hereby modify our original opinion to the extent that the above quoted language, which states defendant's sentence "... must now be considered to have been fully served"; and requires the entry of an order "... discharging the prisoner and his bondsmen," is deleted.
In all fairness it must be said that the action of the trial court in this case conformed to a practice which is by no means novel in this jurisdiction. It is this practice, and not the trial court, that we condemn.
For the reasons hereinabove stated the petitions for rehearing are denied.
CARROLL, DONALD K., J., and REVELS, P.B., Associate Judge, concur.
NOTES
[1] 2 Hale P.C., Ch. 58, p. 412.
[2] See: 2 Hawk, P.C., Ch. 51, Sec. 8, re authority to grant reprieve pending a plea for pardon by the Crown.
[3] See: Commonwealth v. Dowdican's Bail, 1874, 115 Mass. 133; State v. Addy, 1881, 43 N.J.L. 113.
[4] 26 Fla. 310, 8 So. 425.
[5] Tanner v. Wiggins, 54 Fla. 203, 45 So.2d 459, 462.
[6] All emphasis supplied by this court.
[7] Carnagio v. State, 106 Fla. 209, 143 So. 162, 164.
[8] Campbell v. State, 131 Fla. 135, 179 So. 137.
[9] 148 Fla. 188, 3 So.2d 873, 874.
[10] 160 Fla. 884, 37 So.2d 157, 158.
[11] See: Carnagio v. State, supra, note 7, wherein the Florida Court held that a trial is not complete until sentence is passed.
[12] F.S. § 919.23(1), F.S.A.
[13] Fla. 1949, 41 So.2d 322; see also McMahon v. Mayo, Fla. 1957, 92 So.2d 806, in which a trial court's order indefinitely suspending the execution of sentence was held void.
[14] Supra note 10.
[15] Fla. 1955, 77 So.2d 843; see also: Moutos v. State, Fla. 1950, 49 So.2d 841.
[1] See: Dewey v. State, 135 Fla. 443, 186 So. 224.
[2] § 924.32(1) F.S., 1955, F.S.A. See also: Rule 6.16, Florida Appellate Rules.
[3] See: Lewis v. State, 154 Fla. 825, 19 So.2d 199.
[4] Ch. 57-284, Laws of Florida, 1957. (Filed in Office of Secretary of State, May 31, 1957.)