PER CURIAM.
The appellant, along with one William Hoyt Hammond, was charged in an information with larceny of an automobile and with using a vehicle without the owner’s consent, to which he pleaded not guilty. On the trial, appellant was found not guilty of the latter offense, but was convicted of the former.
On May 12, 1958, the court entered an order adjudging the appellant guilty of “Larceny of Automobile”. That order contained no sentence. In a later order, on May 14, 1958, the court deferred the passing of sentence indefinitely, saying: “It is Further Considered, Ordered and Adjudged that as to you, Lee Roy DeLoach, alias Lee Delonach the passing of sentence be, and the same is, hereby suspended from day to day and term to term until the further order of this Court.”
The record discloses that an alias capias was issued for appellant, who was then brought before the court on May 27, 1958, and sentenced to be confined at hard labor in the state penitentiary for a term of 5 years.
The deferment of sentence on May 14 was on the appellant’s request that the court “give him a break” by letting him go back to Georgia. However, he remained here, and some days later was picked up on suspicion of attempted auto theft.
Appellant took and perfected his appeal in proper person. We have considered his assignments of error and the points raised in the appellant’s brief, in the light of the record and the law applicable to the case, and no reversible error has been made to appear. No useful purpose would be served by enumeration and discussion of those matters here. The charge .on which the appellant was convicted was properly laid in the information, and the record of the trial shows that the finding of guilt had adequate eviden-tiary basis and support.
However, on authority of Bateh v. State, Fla.App.1958, 101 So.2d 869, decided recently by the district court of appeal in the first district, the appellant, on ’ the 5 year term of his sentence, must be given credit as having served the time of the indefinite deferment of his sentencing, being the period from May 14 to May 27, 1958, amounting to 13 days. With that modification, the judgment appealed from is hereby affirmed.
It is so ordered.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur, ;