SPECTOR, Judge.
Appellant seeks reversal of a judgment of conviction and sentence of eighteen months imposed upon him pursuant to his plea of guilty to charges of withholding support from his minor children in violation of Section 856.04(1), Florida Statutes, F.S.A.
Although the cited statute authorizes the imposition of a two-year sentence upon conviction thereunder, appellant’s assault against the lesser sentence is founded on the claim that it was imposed more than two years after he had pled guilty to the charges; and, therefore, the sentence ultimately imposed is violative of the rule pronounced in this court’s decision in Bateh v. State, 101 So.2d 869 (Fla.App.1958), cert. discharged 110 So.2d 7 (Fla.1959); Helton v. State, 106 So.2d 79 (Fla.1958), and like cases.
Appellant was informed against on November 3, 1966, for having withheld support from his two minor sons since April 1, 1964. About a month later, December 9, 1966, appellant pled guilty to the charges, and the court withheld both judgment and sentence upon the joint recommendation of the prosecutor and defense counsel. The withholding was conditioned upon appellant’s payment of $100 for the children’s support immediately and $10 per week thereafter and the posting of a bond of $400 to secure the payment.
On May 22, 1969, appellant again appeared in court and it appearing that he had failed to comply with the court’s earlier condition for withholding judgment and sentence, appellant was adjudged guilty and sentenced to 18 months imprisonment. *819 The transcript of the proceedings at the 1969 hearing reveals that the problem of support for appellant’s minor children has been of governmental concern since 195S according to a welfare department worker. He was brought before the court on the instant information several times to be prodded into making the support payments for the children. The state attorney’s recitation of governmental efforts to induce appellant’s lawful duty to support his children made at the hearing informs us that an information charging appellant with nonsupport was filed in 1963 and, again, another information was filed in 1965. These apparently resulted in partial response by appellant to his duty to support in that payment bonds were posted by him and as they and the occasional payments were used up, further coercive measures were needed. The instant case seems to be the third information filed against appellant for withholding support.
Section 856.04(1), Florida Statutes, F.S. A., makes it a crime to withhold support for minor children. It is, of course, a criminal statute. However, a reading of the transcript of both hearings on December 9, 1966, and May 22, 1969, distinctly gives the impression that the matter was handled by means similar to continuing efforts by an equity court to induce a recalcitrant father to comply with a decree for child support. After numerous efforts resulting in only mixed compliance, the trial court sentenced appellant to prison.
Appellant relies on the rule set forth in Bateh v. State, supra, stated at page 10 of 110 So.2d as follows:
“When a trial court has delayed the sentence the power to sentence must be exercised before the lapse of the extreme period for which sentence could have been imposed, and when it is inflicted the term cannot be projected beyond the extreme period.”
Since violation of Section 856.04(1), Florida Statutes, F.S.A., carries a maximum penalty of two years, appellant contends that December 9, 1968, two years from his guilty plea, was the last day beyond which sentence could have been imposed. Thus, argues appellant, the 18-month sentence imposed upon him on May 22, 1969, was inválid as having been entered some six months after the lapse of the extreme period for which he could have been sentenced at the outset.
The State contends that the Bateh rule quoted above is inapplicable to the facts of this case since there the court was dealing with a case in which a judgment of guilt had been entered against the defendant, thus starting the running of the extreme period during arid for which a sentence could be imposed, whereas in the case at bar no judgment of guilt was entered against the defendant until the day on which his 18-month sentence was imposed. To support its contention that the Bateh rule is applicable only where judgment had been entered, the State relies on the Supreme Court’s opinion in State v. Bateh at page 10 which stated:
“The upshot of this discussion is that when a person is adjudged guilty of an offense the trial judge should, in the absence of the circumstances outlined, either sentence him or place him on probation.” (Emphasis added)
Also cited by the State in support of its argument that the Bateh rule is inapplicable unless a defendant has been adjudicated guilty is Rodriguez v. State, 119 So.2d 681 (Fla.1960), in which the court held at page 682:
“ * * * when a trial court puts off imposition of sentence, his actions with regard to it are confined to the period beginning with judgment of guilt and ending with the last day of the extreme period for which sentence could have been inflicted at the time of the adjudication. * * * ” (Emphasis added)
Other cases involving the rule discussed in Bateh are Drayton v. State, 177 So.2d 250 (Fla.App.1965), and Helton v. State, supra. Like Bateh and Rodriguez, these *820 cases too are distinguishable from the .case at bar in that both Helton and Drayton had been adjudicated guilty at the time their sentences had been deferred from day to day and term to term.
We think the appellee is correct in its view that the Bateh rule contemplated an adjudication of guilt in order to start the running of the extreme period within which sentence could be imposed. Neither at the time the cases relied on by the state were decided nor at the time of appellant’s guilty plea on December 9, 1966, was there a requirement that the trial court render its judgment in open court forthwith as seems to be required by Florida Criminal Procedure Rule 1.670, 33 F.S.A., which rule did not take effect until January 1, 1968.
In addition to the distinction between the case at bar and those discussed above arising from the absence of an adjudication of guilt herein, we find further support for our judgment of affirmance herein in the nature of the offense charged against appellant. The crime of withholding support from minor children must of necessity contemplate the withholding of such support for a time certain. Nonetheless, the duty devolving upon a father to provided support is a continuing one so as to justify broader discretion in the trial court on the question of whether to adjudicate an errant father guilty of withholding support from his children or not withholding the imposition of sentence. The transcript of the proceedings in the instant case makes it clear that the trial court handled the case in such a manner as he thought best suited to the accomplishment of the obvious purpose of the criminal sanctions found in Section 856.04(1), Florida Statutes, F.S.A. We find no reversible error was committed by the trial court when he ultimately adjudicated appellant guilty of withholding support from his minor children and imposed sentence upon him.
Affirmed.
JOHNSON, C. J., and RAWLS, J., concur.