MANN, Judge.
Jack Abbott’s reasons for preferring Florida to California will not likely be the subject of a Development Commission advertisement. He has completed prison terms aggregating fifteen years in Florida and seeks, through this habeas corpus proceeding, to avoid serving five years to life in California. He was taken to the California trial under a carefully worded extradition contract between Governors Bryant and Brown which provided that “at the conclusion of the trial” Abbott would be “immediately returned” to resume serving his Florida term unless he were sentenced to death there. He was convicted of murder in the second degree, was sentenced and held six months before being returned to Raiford. The record does not disclose why he was not transmitted to the Florida authorities sooner. He contended before the able Circuit Judge who denied his petition that as a matter of law California had not returned him “immediately,” that it had in fact required him to begin serving a sentence which was unlawfully interrupted and, consequently, terminated by “waiver” of its right further to incarcerate him.
The case is of first impression, and we affirm. Abbott’s main reliance is on Ex parte Drake, Cal.App.1951, 233 P.2d 931, and Ex parte Guy, 1928, 41 Okl.Cr. 1, 269 P. 782. In Drake, the Governor of Mississippi, which had not adopted the Uniform Criminal Extradition Act, wrote the *136 California authorities to ask if they would accept Drake to complete service of his term there from which he had escaped before he committed the Mississippi robbery which earned him a 100-year sentence. Mississippi’s Governor did not obtain a contract to return Drake from California’s Governor, nor did Drake agree to return. Guy, serving a one-year state term for unlawful possession of narcotics, was handed over to federal authorities for trial without arrangement for return, and sought habeas corpus after service of a six-month federal term, at a time when there was no commitment or warrant from the state seeking his return. In both of these cases service of the balance of the term was understandably waived.
Florida has adopted the Uniform Interstate Extradition Act. Fla.Stat. c. 941 (1967), F.S.A. Section 941.27 expressly denies waiver. California likewise has adopted the act. West’s Ann.Pen.Code, §§ 1548-1556.2. See 9 U.L.A. 258 et seq. Its purpose is, as Mr. Justice Bramhall stated in Golla v. State, Del.1960, 2 Storey 433, 159 A.2d 585 at 587, “to prevent criminals from escaping punishment.”
Abbott’s argument based on Judge Wig-ginton’s scholarly opinion in Bateh v. State, Fla.App.1958, 101 So.2d 869, is misplaced. Our sister court there held that a trial judge could not, without either sentencing the defendant or placing him on probation, suspend the imposition for no lawful stated purpose until the defendant would have served completely any promptly imposed sentence and then undertake to sentence him. Our Supreme Court adopted this well-reasoned view in Helton v. State, Fla. 1958, 106 So.2d 79, in which it receded from Collingsworth v. Mayo, Fla. 1955, 77 So.2d 843, and reaffirmed it by discharging the writ granted in Bateh, 1959, 110 So.2d 7, stating that the Supreme Court had in Hel-ton removed the conflict on which, its jurisdiction to review Bateh rested. Those cases deal with a different question.
There is a further reason for cooperating with other states in transfer of prisoners before complete expiration of their terms. Both our state[1] and federal[2] Supreme Courts have decided that the constitutional right to a speedy trial compels a state affirmatively to seek extradition of one it desires to try if he is incarcerated in another jurisdiction. It was Abbott’s right to be speedily tried in California and California’s right speedily to try him. Our Governors properly cooperated, as the Uniform Act requires in Section 941.02, toward this end. We are unable to say why Abbott was held six months before being brought back. Any prejudice he suffered on account of that detention can be complained of in California.
The Constitution of the United States protects not only the liberty of the individual against society, but society against the antisocial individual. Part of Article IV declares that “A person charged in any State with Treason, Felony, or other Crime, who shall flee from justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the Crime.” The learned trial judge who denied Abbott’s petition did not violate Abbott’s individual rights. He would have violated the constitutional rights of all Americans had he granted it.
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.

. Dickey v. Circuit Court, Gadsden County, Ela.1967, 200 So.2d 521.

. Smith v. Hooey, 1969, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607.