JOHNSON, Judge.
Appellant seeks reversal of his conviction, pursuant to jury verdict, and the sentences imposed thereon for the offenses of assault with intent to commit manslaughter, reckless driving and fleeing and attempting to elude a police officer.
The information against appellant charged him with three counts: assault with intent to commit first degree murder; reckless driving; and fleeing and attempting to elude a police officer. The cause went to a trial by jury and, at the conclusion of the State’s case, defense counsel moved for a judgment of acquittal *499 as to the first count charging assault with intent to commit first degree murder. The trial court granted the motion stating that “the highest I will charge on that is assault with intent to commit murder in the second degree.” After presenting testimony, the defense renewed the motion for judgment of acquittal on the assault with intent to commit murder charge and moved that the court not instruct the jury as to any lesser offenses as to that count. These motions were denied, and the jury was instructed on the offense of intent to commit second degree murder and the lesser included offenses of assault with intent to commit manslaughter, aggravated assault, aggravated battery, assault and battery and simple assault.
The jury returned verdicts of guilty of the lesser included offense on Count 1 of assault with intent to commit manslaughter, reckless driving and fleeing and attempting to elude a police officer. Appellant was sentenced to five years on assault with intent to commit manslaughter, and though adjudged guilty of the other two counts charged in the information, the court deferred sentence thereon from day to day and term to term until finally disposed of, the court reserving jurisdiction of the cause to impose sentence at a later date as the court may deem advisable.
Appellant’s first contention of error is that the trial court erred in instructing the jury, over defense counsel’s objections, as to the lesser included offenses to that charged in the information under the first count; to wit: assault with intent to commit murder in the first degree. In support of this contention, the appellant relies upon this Court’s decision in the case of Washington v. State, 247 So.2d 743 (Fla.App. 1st, 1971). We consider this contention to be erroneous for several reasons.
First, we think the Washington case is distinguishable in that it involved a primary charge of rape, and the jury returned its verdict against appellant for the lesser offense of assault with intent to commit rape. The defendant in that case objected to instructions to the jury concerning any lesser included offenses. We reversed in that case since the jury failed to convict defendant of the offense charged in the indictment. As noted, it is our conclusion that said Washington case is distinguishable from the case now before us. In Washington, we concluded that the evidence presented could justify and support only one of two opposite conclusions- — either guilty or not guilty of rape. We further found that there was no evidence from which the jury could have properly found the defendant guilty of any offense less than the rape with which he was charged. In short, the evidence in the Washington case left no room from which the jury could have reasonably or rationally drawn any verdict except guilty or not guilty. The victim’s testimony was so conclusive as to the consummated act charged, and the defendant’s testimony - also so conclusive in his favor that there was not even an attempt, that the jury could only come to one of the two verdicts as pointed out supra. This, along with the particular evidence adduced in the Washington case, distinguishes it from the case sub judice involving a charge of assault to commit first degree murder (which, by statute, is divided into degrees), which necessarily includes a lesser included offense to commit second degree murder, manslaughter, aggravated assault, aggravated battery and assault and battery.
More importantly, we feel that the Florida Statutes uphold, and even compel, the trial courts’ instructions in the present case. Section 919.14 provides, inter alia, that if the “information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.” (Emphasis supplied.) And, Section 919.16, Florida Statutes, F.S.A., directs the court to charge the jury with regard to the attempt to commit an offense charged and with regard *500 to any offense which is necessarily included in the offense charged. Also see Brown v. State, 206 So.2d 377 (Fla.1968); Mc-Cullers v. State, 206 So.2d 30 (Fla.App. 4th, 1968); Bailey v. State, 224 So.2d 296 (Fla. 1969). In the present case, the trial court determined that the evidence would not support a charge of attempt to commit first degree murder, but did, as dictated by the statutes cited above, charge the jury on the lesser included offenses. For these reasons, we affirm the judgments entered below.
Appellant finally contends that the trial court erred in withholding sentence from day to day and term to term as to counts two and three. It is urged that such a disposition was improper under this Court’s decision in McCloud v. State, 237 So.2d 818 (Fla.App. 1st, 1970), cert. den. 240 So.2d 642 (Fla.1970). As set forth in the cases cited in the McCloud decision, we note here as a precautionary measure only the general rule that the trial court must exercise his power to sentence, if at all, before the lapse of the extreme period for which sentence could have been imposed, and when and if it is imposed, the term cannot be projected beyond the extreme period. Bateh v. State, 101 So.2d 869 (Fla. App. 1st, 1958), cert. discharged 110 So.2d 7 (Fla.1959); Rodriguez v. State, 119 So.2d 681 (Fla. 1960); Drayton v. State, 177 So.2d 250 (Fla.App. 3rd, 1965).
For the reasons stated herein, the judgment appealed herein is affirmed.
CARROLL, DONALD K., Acting C. J., concurs.
RAWLS, J., dissents.