360 So.2d 1142 (1978)
Sammy Lee BOUIE, Appellant,
v.
STATE of Florida, Appellee.
No. 78-214.
District Court of Appeal of Florida, Second District.
July 21, 1978.
*1143 Jack O. Johnson, Public Defender, and Thomas A. McDonald, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Appellant was charged with a felony charge of receiving stolen property of a value of $100.00 or more in violation of Section 812.031, Florida Statutes (Supp. 1976). Thereafter, he entered a plea of nolo contendere to the section of the above statute [812.031(3)] which is punishable as a second degree misdemeanor. The court accepted appellant's plea, withheld adjudication of guilt and placed him on one year probation. The probationary period was not objected to by appellant or his attorney. Over nine months later appellant was charged by affidavit and warrant with violation of various conditions of his probation. A hearing was held and testimony taken which supported the violation charges. The trial court made a finding that appellant had violated his probation, adjudicated him guilty on the original charge and sentenced him to 59 days imprisonment followed by another one year probation. The sentence was objected to by appellant's attorney on the ground that it was an "enhancement of sentence" but for no other reason.
A timely notice of appeal was filed and now, for the first time in this sequence of events, appellant attacks his original probation as illegal since it exceeded the maximum probationary period allowable for a second degree misdemeanor violation. Appellant's contention has merit.
The longest permissible period of probation allowable for the violation of a second degree misdemeanor is six months. Section 775.082(4)(b) and Section 948.04(1), Florida Statutes (1977); Alderman v. State, 356 So.2d 928 (Fla. 2d DCA 1978); McNulty v. State, 339 So.2d 1155 (Fla. 1st DCA 1976); Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976). Neither in Alderman v. State, supra, nor in this opinion are we dealing with the right of a trial court to set a probationary period not exceeding the maximum allowable sentence for the crime involved.
The warrant was filed after the date a lawful period of probation would have expired. Therefore, the affidavit and warrant charging him with violation of probation came too late. A probation violation cannot be charged after the probation period has expired. Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978). However, Carpenter does not directly address the issue raised herein nor does it address the failure of appellant to directly appeal the unlawful probation.
Probation is a matter of grace and when a defendant chooses to accept conditions of his probation he cannot later, having violated those conditions, challenge the original probation order or indirectly appeal the order or its contents. Section 924.06(2), Florida Statutes (1977); Stuart v. State, 353 So.2d 165 (Fla. 3d DCA 1977); Brown v. State, 305 So.2d 309 (Fla. 4th DCA 1974). The appellant does not complain of the conditions of his original probation, however, but rather its unlawful length. An unlawful sentence may be collaterally attacked at any time, even after the period for taking a direct appeal has expired. Bascelio v. Mayo, 81 So.2d 649 (Fla. 1955); Collingsworth v. Mayo, 77 So.2d 843 (Fla. 1955); Smith v. Mayo, 63 So.2d 510 (Fla. 1953); In re Camp, 92 Fla. 185, 109 So. 445 (Fla. 1926).
*1144 Consistent with the policy of allowing unlawful length of a criminal penalty to be raised at any time, we hold that the appellant may raise this issue after the period for a direct appeal has elapsed, by way of this appeal from the revocation of the probation.
Appellant served a period of probation equal to the maximum which could have legally been imposed upon him without being charged with violation of its provisions. The remainder of the probation period is void and cannot serve as a basis for a further sentence or probation by the trial court. Neither will it support the charge or finding of probation violation when the charge is filed more than 6 months after the probation period commenced. Accordingly, the trial court's order is reversed and the cause is remanded to the trial court with instructions to discharge the appellant.
We see no useful purpose to be served by requiring the appellant to seek relief by way of petition for writ of habeas corpus or other appropriate route.
GRIMES, C.J., and SCHEB, J., concur.