948 So.2d 872 (2007)
John J. MAZZA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2000.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
*873 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant, John J. Mazza, Jr., moved under Florida Rule of Criminal Procedure 3.800(b)(2) to correct sentence on the ground that he was entitled to credit for time served from the date the trial court accepted his plea to criminal charges and deferred sentence until the date his sentence was actually imposed. We affirm the trial court's denial of the motion.
On August 23, 2000, appellant entered an open plea of no contest to sale of cocaine and possession of cocaine in Case No. 00-1317-CF and to sale of cocaine and possession of cocaine in Case No. 00-1320-CF. On October 11, 2000, the date set for appellant's sentencing, the trial court gave the defendant the option of being sentenced that day or having a "deferred" sentencing. The court acknowledged that generally a deferred sentence is unlawful because of a defendant's right to finality. However, the court advised appellant that he could waive that right by requesting a deferred sentencing. If he requested the deferred sentence, then he would be required to comply with numerous conditions similar to those of probation. He would face a sentence of up to forty years in prison for violating any of those conditions.
After consulting with counsel, appellant chose the deferred sentencing option. The court then released appellant on his own recognizance pending sentencing at a future time. Among the conditions imposed upon appellant was an obligation to periodically appear before the trial judge for status hearings.
During the following year, the trial court held several status hearings. The record reflects that appellant failed to appear at one such hearing on June 14, 2001. At that hearing, the probation officer advised the trial court of appellant's arrest on May 28, 2001 for driving with a suspended license. She also informed the court that she had spoken to appellant and told him to be present for the status hearing. Because appellant failed to appear as instructed, the trial court issued a bench warrant for his arrest.
The bench warrant was executed on September 25, 2004. On March 16, 2005, the trial court adjudicated appellant guilty of the four drug charges to which he had previously pled no contest. The court sentenced him to concurrent terms of three years in prison on each count in Case No. 00-1317-CF, with credit for 315 days time served. It also sentenced appellant to concurrent terms of three years in prison on each count in Case No. 00-1320-CF, to run consecutively to the sentence imposed in Case No. 00-1317-CF.
*874 After filing a notice of appeal, appellant moved to correct his sentence, claiming credit for time served from the date the court deferred sentence until the date sentence was imposed, less the time that a bench warrant was outstanding. Appellant relied on Bateh v. State, 101 So.2d 869 (Fla. 1st DCA 1958). In Bateh, the trial court adjudged the defendant guilty of criminal offenses on November 3, 1955. Then, for no stated lawful purpose, the court deferred sentencing the defendant indefinitely and released him upon his own recognizance. On December 18, 1956, the court sentenced the defendant to two years in state prison. Concluding that the trial court unlawfully deferred sentencing the defendant for an indefinite period, the first district held that the sentence imposed upon the defendant on December 18, 1956, became effective November 3, 1955, nunc pro tunc. The appellate court deemed the defendant's two-year term to have begun on the date when the defendant was adjudicated guilty and when sentence should have been imposed. Id. at 874.
In this case, the trial court declined to follow Bateh, finding it distinguishable because appellant was not adjudicated guilty of his offenses when he entered his plea and the trial court deferred sentencing. He was not adjudicated guilty of his offenses until he was ultimately sentenced. The court thus relied instead on McCloud v. State, 237 So.2d 818, 820 (Fla. 1st DCA 1970), which noted that "the Bateh rule contemplated an adjudication of guilty in order to start the running of the extreme period within which sentence could be imposed." In McCloud, the defendant pled guilty to charges of withholding support from his minor children, and the court withheld adjudication and sentence pursuant to an agreement between his counsel and the prosecutor to allow him an opportunity to pay the support arrearages. More than two years later, the trial court adjudicated the defendant guilty and sentenced him to serve eighteen months in prison. Because the maximum penalty for his nonsupport offenses was two years imprisonment, the defendant argued that the Bateh rule invalidated his sentence "entered some six months after the lapse of the extreme period for which he could have been sentenced at the outset." The first district disagreed and affirmed the sentence, pointing out that, unlike Bateh, McCloud was not adjudicated guilty at the time his sentence was deferred.
However, as appellant correctly points out, we believe that whether or not a defendant is adjudicated guilty at the time of his plea is inconsequential to the outcome of a deferred sentence. See State v. Gazda, 257 So.2d 242 (Fla.1971). In Gazda, the supreme court addressed section 775.14, Florida Statutes, which prohibits a trial court from sentencing a defendant for a criminal offense after having withheld sentence on a conviction for that offense for more than five years. The court construed "conviction" as including a determination of guilt by a plea of guilty. It clarified that a defendant does not have to be adjudicated guilty by the court upon the acceptance of his plea to receive the benefit of the time limitation in section 775.14. Id. at 243-44. We believe this interpretation applies equally to those situations, as here, where a sentence is unlawfully deferred in contravention of the probation laws.
In this case, no one disputes that the trial court improperly delayed appellant's sentencing. Since at least 1941, a trial court has lacked authority to suspend or withhold indefinitely the imposition of sentence upon a convicted defendant except as an incident to probation under the provisions of Chapter 948, Florida Statutes. Helton v. State, 106 So.2d 79, 80 *875 (Fla.1958) (holding "as did the District Court [in Bateh], that `a trial court cannot by the artifice of postponing the pronouncement of sentence exercise the power to conditionally parole or pardon a defendant who stands convicted of a crime'"). Of course, as both Bateh and Helton point out, this general prohibition on delay in imposing sentence does not include temporary delays for procedural reasons or for other valid sentencing purposes. Bateh, 101 So.2d at 874; Helton, 106 So.2d at 80.
Here, the issue is whether appellant is entitled to jail credit for time spent on the "functional equivalent of probation" as a remedy for the trial court's improper deferral of his sentencing. We hold that he is not. Florida law allows credit only for time served in jail or the functional equivalent of jail prior to sentencing. See § 921.161, Fla. Stat. (2005). Bateh, which deemed the defendant's sentence to have begun when it should have been imposed, was decided before the enactment of section 921.161(1), Florida Statutes. That statute, which allows credit for time spent in jail before sentence, states that a sentence does not run until it is actually imposed. Appellant thus improperly relies on Bateh as a means of enforcing the law that makes deferred sentencing illegal.
In this case, the quasi-probationary terms imposed on appellant while he awaited sentencing were not the functional equivalent of jail, and they were voluntarily undertaken. Thus, the time which appellant spent out of custody under the terms imposed by the trial court could not be credited against his sentence any more than could any time he spent out of custody in a drug treatment program as a condition of probation or community control. See State v. Cregan, 908 So.2d 387, 389 (Fla.2005); Carrier v. State, 925 So.2d 386, 388 (Fla. 4th DCA), rev. denied, 935 So.2d 1219 (Fla.2006); Comer v. State, 909 So.2d 460, 461 (Fla. 4th DCA 2005). We therefore affirm the order denying the motion to correct sentence.
Affirmed.
STEVENSON, C.J., and WARNER, J., concur.