PER CURIAM.
 

 The State appeals an order granting a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
 

 Defendant-appellee Geseppe Galazz entered into a plea agreement with the State regarding the charge of purchase, or possession with intent to purchase, cocaine. Pursuant to the agreement, the defendant admitted the offense in exchange for a withhold of adjudication and a suspended entry of sentence (“SES”). Two and one-half years later, the defendant filed the Rule 3.800(a) motion, arguing that the sentence was illegal. The trial court vacated the sentence and the plea. The State has appealed.
 

 The trial court ruled that a suspended sentence, standing alone, is an illegal sentence. The Florida Supreme Court has held that “the power to suspend the imposition of sentence upon a convicted criminal can be exercised by a trial judge only as an incident to probation under the provisions of Ch. 948, [Florida Statutes].”
 
 Helton v. State,
 
 106 So.2d 79, 80 (Fla.1958);
 
 Mazza v. State,
 
 948 So.2d 872, 874-75 (Fla. 4th DCA 2007);
 
 see also Sainz v. State,
 
 811 So.2d 683, 686-88 (Fla. 3d DCA 2002). The State does not disagree with this analysis.
 

 The State objects, however, that the trial court went on to vacate the defendant’s plea. The State contends that instead of vacating the plea, the plea should stand and the defendant should simply be resen-teneed. The State proposes that the court add probation, which would then make the SES legal.
 

 There are Rule 3.800(a) cases in which a sentence could be modified to correct an illegality. In
 
 Ruiz v. State,
 
 537 So.2d 682 (Fla. 3d DCA 1989), the agreed sentence exceeded the legal maximum. This court ruled that the sentence could be reduced to the legal maximum with the State’s consent. Alternatively, if the State refused to consent to a reduced sentence, then the defendant would be allowed to withdraw his plea.
 
 Id.
 
 at 683.
 

 In this case the sole disposition was SES, which was no sentence at all. To render the SES disposition legal, it would be necessary to add a term of probation, which was not bargained for and which would increase the sentence in violation of double jeopardy principles. As the plea agreement could not be carried out, and the defendant opted to withdraw his plea, it was necessary for the court to vacate the plea. This left the original charges pending.
 

 Affirmed.